## Charles Lincoln Smith v. The People, etc., for use of Illinois State Board of Health.

1. PRACTICE OF MEDICINE—*Vendors of Spectacles Not Required to be Licensed.*—One who causes a customer to look at objects on a wall, and therefrom determines what kind of lens he needs to aid his defective vision, and then has glasses ground accordingly and fitted into frames, and delivers such spectacles to his customer, is not required to first take out a license from the State Board of Health to practice medicine, under the act of 1899 to regulate the practice of medicine.

Smith v. The People.

2. SAME—*Vendors of Spectacles Who Advertise.*—Nor is such a person required to take out a license because he advertises for those who have headache, dizziness, etc., to call upon him, where the advertisement expressly declares that he does not give medical or surgical treatment, and it is apparent from the entire advertisement that all he professes to do is to fit spectacles to the eye.

**Debt**, for a penalty prescribed by the act to regulate the practice of medicine. Appeal from the Circuit Court of Peoria County; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the April term, 1900. Reversed, with a finding of facts. Opinion filed October 8, 1900.

I. C. PINKNEY, attorney for appellant.

JOHN L. LANNING and WHITMORE, BARNES & BOULWARE, attorneys for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Charles L. Smith was sued in an action of debt, before a justice of the peace, to recover the penalties prescribed by the act to regulate the practice of medicine in the State of Illinois, in force July 1, 1899, for practicing medicine without a license from the State Board of Health. The cause was removed to the Circuit Court by appeal, and was there tried without a jury and defendant was convicted, and judgment was entered against him for $100 and costs, and it was further ordered that in default of immediate payment of the fine and costs, defendant be committed to jail for thirty days, or until such fine and costs were paid. Defendant appeals from that judgment. We approve the rulings of the Circuit Court upon the evidence, and conclude that for various reasons the court ruled properly upon the several propositions of law offered by defendant. But we are further of opinion that the evidence does not justify a conviction.

Defendant lived in Chicago, Illinois, and traveled from city to city, fitting spectacles to people of defective vision. When called upon by a customer to procure glasses, he placed upon the wall cards containing letters of various sizes, and interrogated his customer as to the letters that

he could read, and thus determined what kind of a lens was required to give him normal vision. He then sent these measurements, or "prescription," as he called it, to a house with which he was connected in Chicago, and had glasses ground for his customer of the required magnifying power, and caused them to be fitted to a frame such as his customer ordered, and these were then shipped to the defendant, who delivered them to his customer, and collected pay therefor. This was all that he did. This method of testing the eyes and ascertaining what kind of glasses are required to properly aid defective vision is common in all jewelry and other stores in the country where spectacles and glasses are sold, and the grinding of glasses to fit the eye is purely mechanical and is common practice. All magnifying glasses have been ground. Defendant merely ascertained the needs of the eyes before the glasses were ground, and then had them ground in such a manner as to give the greatest aid to the defective vision. Those engaged in this business are usually called opticians, but defendant gave to his business the name of "Optometry."

The statute in question provides as follows:

"Sec. 7. Any person shall be regarded as practicing medicine, within the meaning of this act, who shall treat or profess to treat, operate on or prescribe for any physical ailment, or any physical injury to, or deformity of another."

We are of opinion that making spectacles to fit the eye does not come within the provisions of this act; and counsel state that the court below so held. The proof shows that if defendant found his customer had any disease which should receive surgical or medical treatment he did not attempt to administer it, but sent him to some practitioner of surgery or medicine.

It will be noticed that the statute above quoted applies not only to those who treat, but also to those who profess to treat any physical ailment or deformity. It is claimed that defendant was guilty of professing to treat and prescribe for physical ailments and deformities. This position is based upon the advertisements which defendant caused

to be inserted in the local papers. These called defendant "the famous Chicago eye expert;" they stated that he was highly recommended by eminent physicians and scientific men, and had done noble and successful work on previous visits to Peoria, and had given universal satisfaction and thoroughly proven his skill for many years. They also contained the following: "If you have blurring, dizziness, neuralgia, headaches, spots before the eyes, inflammation, granulation, winking, trembling spells, cataract, burning and smarting of the eyes, various nervous brain affections, entailing not only positive injury to the sight, but untold misery, call immediately." They further stated that defendant "does not give medical or surgical treatment;" that defendant during previous visits to the city had fitted hundreds of people with his celebrated prescription glasses, and given entire satisfaction to his numerous patrons, and fitted and benefited them, and will again prove a boon to the community; that every patient is enthusiastic in recommending his skill, method and prescription glasses. To these advertisements were appended testimonials by several citizens of Peoria who had previously obtained spectacles from defendant, in which such former patrons stated that they regarded defendant's method and prescription glasses as unsurpassed and of the highest order; and one of them stated that his wife had been troubled five years with her eyes, causing headache, blurring, etc., with a pain so severe as to completely prostrate her and affect her health, and that after trying every remedy with little or no success they had placed the case in charge of defendant, and she was now entirely cured of her affliction by his method and prescription glasses. Another stated that for six or seven years his eye-sight had been failing, and he had constant headaches and his eyes itched and burned and would water at times; and he had glasses made twice, and his eyes treated, without benefit, until he put his eyes in defendant's care, and by defendant's prescription glasses and method his eyes were now completely cured, and he had no headaches whatever. When each advertisement is read in

its entirety, it is clear that all defendant thereby claimed to do was to fit glasses to the eye. No doubt it is true that many pains in the eyes and head are caused by defects in the eyes, and may be relieved by procuring glasses properly fitted to the eye. The proofs show that defendant did not cure any of these ailments; that whenever his patrons ceased using the glasses defendant had supplied to them their prior troubles returned. We conclude his advertisements were not calculated to deceive the public into believing that he did anything else except properly fit glasses to the eye. Suppose defendant had plainly said in his advertisements, without any embellishments or self-laudation, that his business and his only business was to fit glasses to the eyes of his patrons whose vision was defective, and that proper fitting glasses would relieve many cases of headache, dizziness, etc. It would seem to us that by such an advertisement he would not profess to treat or prescribe for physical ailments or deformities, within the meaning of the statute. This was what the advertisements of defendant really amount to, though somewhat boastfully expressed. We are of opinion that an optician who fits glasses to the eyes of his customers is not required to take out a license to practice medicine, whether he has his glasses ground generally for the trade or specially for each customer, and that the fact that he professes that proper fitting glasses will relieve many physical pains does not bring him within the statute. In the cases cited by counsel, where parties advertised they did not give medical or surgical treatment, that statement was untrue. Here the defendant advertised that he did not give medical or surgical treatment, and that statement was true. The liberty of the citizen to practice the ordinary avocations of life ought not to be unnecessarily abridged under this statute. If the contention of the prosecution here is sustained it will follow that one who advertises to relieve corns and bunions by his new method of making boots and shoes to fit the foot from his own measurements, or to overcome stooping shoulders by his new invention in braces must take out a license to practice medicine. For the reason stated the judgment is reversed.

Finding of Facts to be incorporated in the judgment: We find that defendant did not treat or profess to treat, operate on or prescribe for, any physical ailment, or any physical injury to, or deformity of, another, within the meaning of the act of the legislature of the State of Illinois, approved April 24, 1899, in force July 1, 1899, entitled " An act to regulate the practice of medicine in the State of Illinois, and to repeal an act therein named."