## The People, etc., use of State Board of Health, v. Joseph P. Gordon.

1. PRACTICE OF MEDICINE—*What is Not, Under the Act of 1899.*—A person who assumes the title of " doctor," calls his business " magnetic healing," and advertises to cure many diseases by magnetic healing or vital magnetism but does not prescribe medicine or apply instruments or even regulate the diet of his patients, his entire work being to administer massage treatment accompanied with mental suggestions to his patients that they were not incurably ill, and whose charges are no greater than is customary to pay for an ordinary turkish bath, is not engaged in the practice of medicine as contemplated by the medical practice act of 1899.

2. PENAL STATUTES—*To be Strictly Construed.*—The act of the General Assembly entitled " An act to regulate the practice of medicine in the State of Illinois," (Laws 1899, 272,) is a penal statute and is to be strictly construed.

**Prosecution Under the Medical Practice Act.**—Appeal from the Circuit Court of Winnebago County; the Hon. JOHN C. GARVER, Judge, presiding. Heard in this court at the April term, 1901. Affirmed. Opinion filed July 12, 1901.

E. D. REYNOLDS and L. C. CARMICHAEL, attorneys for appellant.

R. K. WELSH, attorney for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

This was an action of debt against Joseph P. Gordon to recover a penalty for the practice of medicine without a license under the act of 1889, entitled " An act to regulate the practice of medicine in the State of Illinois, and to repeal an act therein named." The suit was begun before a justice of the peace, where there was a judgment for defendant. On the trial of an appeal in the Circuit Court, at the close of all the evidence, the court, on motion of defendant, instructed the jury to find no cause of action. This was done and a judgment for defendant rendered thereon, from which plaintiff appeals.

Defendant has moved to dismiss the appeal on the ground a constitutional question is involved. Defendant's motion to instruct the jury to find for defendant was based upon four reasons then assigned. The fourth was that the act was unconstitutional, but the first three were that the proof did not make a case against defendant under the statute. The record does not disclose upon what ground the court acted in granting the motion. As we can not determine from this record that the court below held the act unconstitutional, we conclude we should not dismiss the appeal.

No motion for a new trial was made. The only question before us on this record, therefore, is whether the court erred in the single instruction given to and for defendant. I. C. R. R. Co. v. O'Keefe, 154 Ill. 508.

The act in question is penal, and should therefore be strictly construed. Its title only relates to " the practice of medicine." That is the term chiefly used in the body of the act and it is to be understood in the usual and popular acceptation of those words. The main purpose of the statute is to prevent the administration of powerful and poisonous drugs and nostrums by ignorant persons and charlatans, in whose hands beneficent remedies are liable to be dangerous to life, or health. But many things can be done which tend to relieve pain and benefit the body which are outside the practice of medicine. The act ought not to be so construed as to prohibit these. Indeed, section 7 provides the act is not to apply " to any person who ministers to or treats the sick and suffering by mental or spiritual means, without the use of any drug or material remedy." By a familiar rule of construction the last clause means, " without the use of any drug or like material remedy." Gordon assumed the title " Doctor," and called his business " magnetic healing." He advertised that he could cure many diseases by magnetic healing or vital magnetism. He did not prescribe or use any medicine or apply any instruments. He did not even regulate the diet of his patients. His entire work was to administer massage treatment, accompanied with the mental suggestion to his patients that they were not incura-

bly ill.   He rubbed and manipulated the bodies and moved the limbs of his patients.   He did nothing else.   His charges, so far as proved, were no greater than it is customary to pay for an ordinary turkish bath, where the same treatment is administered.   Under the claim made by the plaintiff here, one can not administer a turkish bath to relieve a physical ailment, or press or rub the head of a friend or relative for the purpose of curing a headache, without a medical diploma.   We are of opinion defendant was not engaged in the practice of medicine.   (The People v. Lehr, 93 Ill. App. 505; Smith v. People, 92 Ill. App. 22; State v. Liffring, 61 Ohio St. 39, 46 L. R. A. 334; Nelson v. State, 22 Ky. L. Rep. 438, 50 L. R. A. 383; Smith v. Lane, 24 Hun, 632.)   In the Liffring case, *supra*, it was held a system of rubbing and kneading the body was not within the meaning of the Ohio statute regulating the practice of medicine, which was quite broad in its terms.   In the Nelson case the court said :

" Appellant is in no proper sense a physician or surgeon. He does not practice medicine.   He is rather on the plane of a trained nurse.   *   *   *   Services in kneading and manipulating the body are no more the practice of medicine than services in bathing a person to allay his fever or the inflammation of a wound."

The judgment is affirmed.