THE PEOPLE, for use of State Board of Health,

*v.*

CHARLES LINCOLN SMITH.

*Opinion filed October 25, 1902.*

1. APPEALS AND ERRORS—*when the Appellate Court's finding is not sufficient.* A finding by the Appellate Court, in its judgment reversing a judgment of conviction for violating the Medicine and Surgery act, that "the defendant did not treat or profess to treat, operate on or prescribe for, any physical ailment or any physical injury to or deformity of another, *within the meaning of the act,*" etc., is not a sufficient "finding of facts" to enable the Supreme Court to determine whether the law was correctly applied.

2. SAME—*essentials of Appellate Court's finding of facts.* If the Appellate Court reverses without remanding because of its finding the facts differently from the trial court, there must be a recital in the judgment of the facts as found,—not of the mere evidentiary facts, but of the substantive and ultimate facts of the case, from which the Supreme Court can determine whether the law has been correctly applied to the facts.

*Smith* v. *People,* 92 Ill. App. 22, reversed.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of Peoria county; the Hon. L. D. PUTERBAUGH, Judge, presiding.

An action in debt was brought by the People, for the use of the State Board of Health, against Smith, the defendant in error, before a justice of the peace in Peoria county, to recover the statutory penalty prescribed by the act entitled "An act to regulate the practice of medicine in the State of Illinois, and to repeal an act therein named," in force July 1, 1899. (Hurd's Stat. 1899, p. 1143.) The justice found for the defendant and entered judgment accordingly. On appeal to the circuit court the case was tried *de novo* by the court, trial by jury having been waived, and Smith was adjudged guilty of violating the statute and judgment against him was rendered for the prescribed penalty of $100 and costs of suit, and it was also adjudged that in default of immediate payment

of said fine and costs the defendant be committed to jail for thirty days, or until payment of fine and costs should be made. Smith appealed to the Appellate Court for the Second District, and that court reversed the judgment on the facts and made and included in the judgment the following finding: "We find that the defendant did not treat or profess to treat, operate on or prescribe for, any physical ailment or any physical injury to or deformity of another, within the meaning of the act of the legislature of the State of Illinois approved April 24, 1899, in force July 1, 1899, entitled 'An act to regulate the practice of medicine in the State of Illinois, and to repeal an act therein named.'" This writ of error was then prosecuted to this court.

WHITMORE, BARNES & BOULWARE, for plaintiff in error.

I. C. PINKNEY, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

While the parties have not pointed out and we have been unable to find in the record what the charge or complaint against the defendant in error was, we will assume, under rule 15 of this court, that the cause of action as stated by plaintiff in error and not denied by defendant in error was, that Smith professed to treat, treated, operated upon and prescribed for the physical ailments, physical injuries to and deformities of others, and also was an itinerant vendor of an appliance, to-wit, prescription glasses, intended and by him recommended for the treatment of diseases or injuries, and that he, as such itinerant vendor, "by writing and printing and divers other methods, professed to the public to cure and treat diseases and deformities by a certain appliance (his so-called prescription glasses) without first having obtained a license for that purpose from the Illinois State Board of Health," contrary to the statute.

The evidence tended to prove that the defendant in error was a traveling optician, giving to his business the name of "Optometry." He went from city to city, fitting spectacles to persons having defective eyesight. In fitting glasses for a customer he placed cards on the wall, with letters of different sizes, and determined from the ability of the person to read such letters with ease at the required distance, the kind of lens he required. These measurements were sent by him to a firm in Chicago with which he had business connections, where glasses were ground, in accordance with directions, suited to the eyes of his customers. These glasses were fitted in frames as ordered, and then returned to and delivered by him to such customers. If his customer had any disease requiring medical or surgical treatment he did not treat it himself, but sent or recommended him to some regular practitioner of medicine or surgery. He advertised himself extensively in the public press as "the famous Chicago eye expert." These advertisements were laudatory of his work, and contained in some instances statements such as the following: "If you have blurring, dizziness, neuralgia, headaches, spots before the eyes, inflammation, granulation, winking, trembling spells, cataract, burning and smarting of the eyes, various nervous brain affections, entailing not only positive injury to the sight but untold misery, call immediately." They further stated that he "does not give medical or surgical treatment;" that during his previous visits to the city he had fitted hundreds of people with his celebrated prescription glasses and had given entire satisfaction to his many patrons, and would again prove a boon to the community. It also appeared from the evidence that his afflicted customers were not cured by his appliance or eye-glasses, but were only relieved while using them.

The Appellate Court having reversed the judgment and rendered a different judgment of its own as a result of finding the facts different from the facts as found by

the trial court, sought to make a finding of facts and incorporate the same in its judgment, in compliance with section 88 of the Practice act. But in doing so it has made a finding from which it is impossible for this court to determine whether it correctly applied the law to the facts or not. The meaning of such finding is made altogether dependent upon the view which the Appellate Court entertained of the law. So, also, its view of the law is made to depend on its conclusions of fact, so that this court, from a consideration of the statute and of this finding of fact, cannot by any possibility determine the legal questions which it is its duty to determine. We are not authorized to look into and consider the evidence and determine therefrom whether the Appellate Court has found the facts correctly or not, but we must take the finding of facts made by the Appellate Court as conclusive, and from such finding determine whether the law has been correctly applied. It is manifest, therefore, that there must be a recital or statement in the judgment of the facts as found, not of the mere evidentiary facts, but of the substantive and ultimate facts of the case, from which this court can perform the duty required of it to determine whether the law has been correctly applied to such facts. Such a finding as shown by this record does not amount to anything more than would a finding that "the defendant is not guilty of violating the statute." The case, on this point, is much like *Purcell Co.* v. *Sage*, 192 Ill. 197, where we held that a finding of fact that one of the parties was in default and the other was "not in default under the terms of the contract," was not sufficient, and it was there said (p. 200): "What the contract required them to do is a question of law, which we have authority to determine when properly presented to us. What the parties did or omitted to do are questions of fact, which it was the province of the Appellate Court to determine and the duty of that court to recite in its findings,"—citing *Pease* v. *Ditto*, 185 Ill. 317, and quot-

ing: "The decision of the Appellate Court as to the law arising out of the facts so recited in its judgment is not final. It may be reviewed in this court by appeal or on error." See, also, *Seeberger* v. *McCormick,* 178 Ill. 404.

Our conclusion is, that the finding of facts as made by the Appellate Court is not a compliance with the statute and the decisions of this court. The judgment of the Appellate Court will therefore be reversed and the cause remanded to that court, with directions to make and recite in its judgment a sufficient finding of facts upon which it bases its judgment.

*Reversed and remanded, with directions.*