Charles Lincoln Smith v. The People, for use of the Illinois State Board of Health.

The court recites a finding of facts in this case in accordance with the remanding order of the Supreme Court, 199 Ill. 20.

Debt, for a penalty. Appeal from the Circuit Court of Peoria County; the Hon. Leslie D. Puterbaugh, Judge presiding. Heard in this court at the April term, 1903. Reversed with a finding of facts. Opinion filed April 21, 1903.

I. C. Pinkney, attorney for appellant.

John L. Lanning and Whitmore, Barnes & Boulware, attorneys for appellees.

Opinion per Curiam.

The facts of this case and our views concerning it appear

in 92 Ill. App. 22, where we reversed the judgment of the court below. Our judgment was reversed in The People, for use, etc., v. Smith, 199 Ill. 20, for lack of such a finding of facts as the statute requires, and the cause was remanded to this court with directions to recite a sufficient finding of facts upon which we base our judgment. For the reasons stated in our former opinion the judgment of the court below is reversed, and we direct the following finding of facts to be recited in the judgment:

**Finding of Facts.**—We find that appellant was engaged in the business of traveling optician; that he went from place to place in this state, including Peoria, where the acts in question were performed; that he fitted spectacles to persons of defective sight, first ascertaining by tests the kind of lens required by his customers, then procuring glasses to be ground accordingly and placed in a frame and delivered to his customers, and receiving payment therefor; that he advertised himself in the public press as " the famous Chicago eye expert;" and in such advertisements he invited persons afflicted with blurring, dizziness, neuralgia, headaches, spots before the eyes, inflammation, granulation, winking, trembling spells, cataract, burning and smarting of the eyes, and various nervous brain affections, to call upon him; that these advertisements stated he did not give medical or surgical treatment; that in these advertisements he stated that his glasses, fitted and ground by his method, benefited his patrons, and had cured headaches, blurring, itching and burning of the eyes, etc. We find that appellant's glasses relieved such troubles while they were used, but did not cure them. We find that appellant had no license from the state board of health. We find that appellant did not practice medicine or surgery. We further find that appellant did not treat or profess to treat, operate on or prescribe for, any physical ailment or any physical injury to, or deformity of, another, except in the manner and to the extent above stated. We find that the foregoing were the acts for which appellee sought to recover and recovered from appellant in this cause the penalty pre-

scribed by the act entitled " An act to regulate the practice of medicine in the State of Illinois, and to repeal an act therein named," in force July 1, 1899. We hold that these facts did not give appellee a cause of action against appellant.