# FALL-SPECIAL TERM.

## CHARLESTON.

### McClain *v.* Lowther.

Submitted June 10, 1891.—Decided November 14, 1891.

1. Check—Declaration—Consideration—Pleading.

The drawing and delivery of a check implies the indebtedness of the drawer to the payee to the amount of the check, and in an action upon the check it is unnecessary to aver in the declaration any further consideration.

2. CHECK—BURDEN OF PROOF.

Where a check is not presented in time, and notice of non-payment is not given, injury to the drawer will be presumed; but a check is always presumed to be drawn on actual funds; and while, if the holder has been guilty of laches in not presenting it in due time or in failing to give notice of non-payment, it becomes incumbent upon him to show that the drawer has not been injured by the dereliction, yet, on the other hand, if he shows that the drawer had no funds in the bank against which he drew, the burden of proving actual damage is shifted upon the drawer, and, in the absence of such proof, the plaintiff is entitled to recover.

*R. S. Blairr* for plaintiff in error.

*Laird & Turner* for defendant in error, cited 19 W. Va. 312; 21 Gratt. 1; 5 W. Va. 156; 19 W. Va. 312; 2 Gratt. 536; Code c. 99, s. 3; Sto. Prom. N. (6th ed.) §.15; 20 W. Va. 46; Dan. Neg. Inst. 926, 1073, 1074, 1076, 1084, 1198, 1587, 1588, 1597, 1600, 1630.

LUCAS, PRESIDENT:

This was an action of *assumpsit* in the Circuit Court of Doddridge county upon a check for five hundred dollars drawn by Oliver Lowther on the Second National Bank of Parkersburg, payable to the order of A. J. Lowther. After the plaintiff had closed his case, the defendant demurred to the evidence, and, the plaintiff having joined in the demurrer, the jury found a conditional verdict on the issue of *non assumpsit,* and the court gave judgment against the defendant for the full amount of the check with interest and costs. From that judgment this writ of error is prosecuted.

The testimony in substance proved the execution and delivery of the check; also that the payee, A. J. Lowther, indorsed the check to one Maurice Prager, who presented it to the bank, and payment was refused. This was done several times, and the cashier informed Mr. Prager that there were no funds in the bank to meet the check. The cashier of the bank testified, that the check was presented but was not paid, the drawer, Oliver Lowther, not having money there sufficient to meet the check; nor did he (Oliver Lowther) have sufficient money there to meet the check

during the month of December, on the 7th of which month the check bore date. And this was all the evidence.

Upon this evidence we are required to decide whether judgment was properly rendered in favor of the plaintiff. There was a general demurrer to the declaration but not to each and every count, and, as the declaration contained the common counts in *assumpsit*, the demurrer was of course properly overruled. The special count on the check seems liable to no valid exception. It is true that it avers no consideration for the giving of the check, nor was any proved; but that was plainly unnecessary, as the drawing and delivery of the check implied the indebtedness of the drawer to the payee to the amount of the check, as was held in *Ford* v. *McClung*, 5 W. Va. 156: See also, *Peasley* v. *Boatwright*, 2 Leigh, 195, and *Terry* v. *Ragsdale*, 33 Gratt. 342.

In the case of Ford, 5 W. Va. 165, the law upon the subject of checks and orders is thus correctly defined: "The drawer of a bill of exchange or order is not directly liable to the payee or his indorser, but his implied obligation or contract is to pay in the event the amount is not paid by the drawee. And the general rule is well established that the drawers and indorsers are entitled to prompt notice of the non-acceptance or non-payment, in order that the former may look after his funds and withdraw or secure the same, and that the latter may take the necessary steps to secure himself, and that upon the failure to receive such notice they are discharged from liability; and the bill or order, as between the drawer and payee or indorsee, will be considered paid. 1 Tuck. Comm. "395" and note; *Bank* v. *Vanmeter*, 4 Rand. 553. But there are well-defined exceptions to this rule, and numerous cases may be found in which under the peculiar circumstances of the case the holder has been excused from presenting the bill or order to the drawee or giving notice of the non-acceptance or non-payment thereof."

Where a check is not presented in time, and notice of non-acceptance given, injury to the drawer will be presumed. But a check is always presumed to be drawn on actual funds: and while if the holder has been guilty of

laches in not presenting it in due time or in failing to give notice of non-payment, it becomes incumbent upon him to show that the drawer has not been injured by the delay, yet, on the other hand, if he shows that the drawer has no funds in the bank against which he drew, the burden of proving actual damage is shifted upon the drawer. Edw. Bills & N. § 552.

In the present case the check was dated the 6th of December, and there is no proof that it was ever presented for payment until about the middle of that month, and no notice of non-payment was proved to have been given to the drawer. But on the other hand the cashier of the bank proves that the drawer had no sufficient funds to meet the check during the entire month of December. The drawer, it is true, had presented a note for discount about the time that he drew the check, but the discount was refused and the note returned to him.

Under these circumstances, we think the plaintiff has fully met the burden and responsibility of proving that the defendant had no funds to draw against, and that he had knowledge of this fact, and consequently no notice of non-payment was necessary; nor was he injured, so far as the evidence discloses, by the failure to give him notice.

We think the judgment of the Circuit Court was proper, and the same must be affirmed.

AFFIRMED.