THE W. H. PURCELL COMPANY

*v.*

DONALD A. SAGE *et al.*

*Opinion filed October 24, 1901.*

1. APPEALS AND ERRORS—*what should be embraced in the Appellate Court's recital of fact.* In an action for breach of a written contract the question what the contract required the parties to do is one of law; but what the parties did or omitted to do are questions of fact, which the Appellate Court should recite in its judgment on reversing as a result of its finding the facts different from the trial court and entering judgment without remanding the cause.

2. SAME—*what statements in Appellate Court's judgment are not recitals of fact.* Statements in the judgment of the Appellate Court that the plaintiff in an action for breach of contract was not in default and that the defendants were in default, are not such findings of the ultimate facts as are required to be recited by section 88 of the Practice act.

Appeal from the Appellate Court for the First District from the judgement entered by that court under the mandate of the Supreme Court directing the Appellate Court to recite the facts as found by it in its judgment or to remand the cause.

Dupee, Judah, Willard & Wolf, for appellant.

P. H. Bishop, (Charles C. Buell, of counsel,) for appellees.

Mr. Justice Boggs delivered the opinion of the court:

In pursuance of the mandate of this court entered on the former appeal herein (*Purcell Co. v. Sage,* 189 Ill. 79,) the Appellate Court for the First District has again considered the cause and has adjudged the judgment of the circuit court of Cook county rendered therein should be reversed and that judgment should be entered in the Appellate Court in favor of the appellees here, Sage & Co., in the sum of $560.03 and costs, and incorporated in such judgment the following finding of facts: "That on July 20, 1895, appellants (Sage & Co.) and appellee (the Purcell Company) made the contract of that date set out in the record, and that pursuant thereto appellants (Sage & Co.) furnished appellee (the Purcell Company) the amount of coal shown by the record, on account of which there was, on March 10, 1896, a balance due to Sage & Co. of $505.05, less $44.22 advanced by the Purcell Company for transportation charges, and also interest on such balance from March 10, 1896, to date, at five per cent per annum, making a total sum of $576.28; that on March 11, 1896, Sage & Co. were not in default under the terms of said contract, but that the Purcell Company was in default on that day in failing to make payments to appellants pursuant to the terms of said contract." This is a further appeal prosecuted by the Purcell Company from such latter action of said Appellate Court.

What was said when the case was before us on the former occasion with relation to the issues need not be repeated. The coal referred to in the findings of fact recited in the judgment of the Appellate Court was delivered in pursuance of the following written agreement:

"Chicago, *July 20, 1895.*

"*The W. H. Purcell Co., No. 1107 Tacoma Bldg., City:*

"Gentlemen—We offer you fifteen hundred (1500) tons, more or less, of anthracite pea coal, (screened,) equal in quality to the pea coal recently tested by you at Kensington. This coal to be delivered *when required*, in car lots, between September 1, 1895, and September 1, 1896, on your malt house tracks at Kensington, Illinois. Price to be $2.75 delivered per net ton 2000 pounds. Payments to be made the 10th of the month following shipments. This proposition contingent upon strikes, accidents, delays of carriers, and other delays beyond our control. Railroad scales weights to govern settlements.

"Yours truly,    Sage & Co.

Accepted. ................................
For the W. H. Purcell Co."

The Purcell Company contended the true construction of the contract made it incumbent on Sage & Co. to deliver the coal as ordered by the Purcell Company. Sage & Co. contended the contract only demanded that the coal should be delivered as needed for use in the appellant's malting works. This controversy involved the construction of the (italicised) words "when required," employed in the second sentence of the writing which constituted the contract between the parties. Appellant paid for all coal delivered up to the 10th day of February, 1896. The coal for which the judgment was rendered by the Appellate Court was delivered between February 10 and March 10, 1896.

The circuit court, acting on the view it entertained of the legal meaning of the contract and on the facts as found by it, rendered a verdict for the Purcell Company, the defendant in that court. The Appellate Court reversed this judgment and entered judgment in that court for Sage & Co., the plaintiffs in the trial court. This

action of the Appellate Court was the result, in whole
or in part, of the finding by the Appellate Court of the
facts different from the facts as found by the trial court.
Therefore it became the duty of the Appellate Court to
recite in the judgment its finding as to every material
fact necessary to the maintenance of the judgment en-
tered by it. *Hawk* v. *Chicago, Burlington and Northern Rail-
road Co.* 138 Ill. 37.

Each of the parties claimed the other was in default
in the performance of the contract. What each of them
was required to do to comply with the terms of the con-
tract involved the legal construction of the written con-
tract, and is a question of law. What Sage & Co. did
which, in the judgment of the Appellate Court, consti-
tuted compliance on their part, and what the Purcell
Company did or omitted to do which constituted a de-
fault on its part, were questions of fact. If the true con-
struction of the contract made it the duty of Sage & Co.
to deliver the coal as ordered by the Purcell Company,
and they failed to do so, the default was that of Sage
& Co. If the legal meaning of the contract is that Sage
& Co. should deliver coal, from time to time, as it should
be required for use in the malting works of the Purcell
Company, and they did so supply the coal, then the de-
fault was that of the Purcell Company in failing to make
the payment for any coal delivered to it.

In order we should be enabled to determine which of
the contracting parties, under the legal meaning of the
contract, was in default, it is essential we should know
what each did under the contract. What the contract
required them to do is a question of law, which we have
authority to determine when properly presented to us.
What the parties did or omitted to do are questions of
fact, which it was the province of the Appellate Court
to determine and the duty of that court to recite in its
findings. In *Pease* v. *Ditto,* 185 Ill. 317, we said (p. 319):
"Section 88 of the Practice act makes it the duty of the

Appellate Court, if it reverses a judgment of the trial court as the result of the finding of the facts different from that of the trial court and does not remand the cause, to recite in its final judgment the facts as found by the Appellate Court. In such cases the parties are concluded, as to all facts in controversy, by the facts as recited in the final judgment of the Appellate Court. But the decision of the Appellate Court as to the law arising out of the facts so recited in its judgment is not final. It may be reviewed in this court by appeal or on error." The Appellate Court should, therefore, have recited in its judgment the ultimate facts which, in its opinion, constituted the default of the Purcell Company, and the ultimate facts which constituted, in its view, compliance with the terms of the contract on the part of Sage & Co. No such facts are recited by the Appellate Court. The statements in the judgment that Sage & Co. were not in default and that the Purcell Company was in default are not findings of fact to which this court may apply the law.

The Appellate Court may have regarded Sage & Co. as not required by the contract to deliver the coal except as it should be needed for use by the Purcell Company, and that they furnished the same as so needed for use and were not in default, or that they furnished the same as ordered by the Purcell Company and hence were not in default; or the Appellate Court may have regarded the Purcell Company as in default in refusing to make the payment in question for the reason the court found from the proofs coal was furnished to it as ordered by it, or for the reason the court construed the contract to mean it was only entitled to demand coal as needed for use in its business. The statements in the judgment of the Appellate Court, if deemed sufficient to answer the requirements of the statute, would deprive the Purcell Company of the right to have this court consider whether the law applicable to the facts upon which the Appellate Court acted warranted the judgment of that court. If ad-

vised by recitals in the judgment of the Appellate Court of the final conclusion of that court as to the facts which in its judgment constituted the default or failure of the Purcell Company and compliance on the part of Sage & Co., the Purcell Company may then ask this court to construe the contract and determine whether the facts so recited by the Appellate Court justified the judgment rendered by that court.

The judgment of the Appellate Court must be and is reversed and the cause remanded to that court, with directions to recite in the judgment the ultimate facts upon which the court acted in rendering judgment against the appellant company.          *Reversed and remanded.*