ALTA IRWIN *et al.*

*v.*

THE NORTHWESTERN NATIONAL LIFE INSURANCE CO.

*Opinion filed February 18, 1903.*

| | |
|---|---|
| 200 | 577 |
| 202 | 208 |
| 202 | 384 |
| 200 | 577 |
| 207 | 532 |
| 208 | 164 |
| 200 | 577 |
| 209 | 118 |

APPEALS AND ERRORS—*duty of Appellate Court on reversing judgment.* If the Appellate Court reverses for errors of law it should remand the cause, and if it reverses because it finds the facts differently from the trial court and does not remand, it should make a finding of facts and recite the same in its judgment; and these rules control notwithstanding the evidentiary facts are presented to the court by stipulation.

*Northwestern Nat. Life Ins. Co.* v. *Irwin,* 103 Ill. App. 580, reversed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Saline county; the Hon. A. K. VICKERS, Judge, presiding.

This is an appeal from the judgment of the Appellate Court for the Fourth District reversing the judgment of the circuit court of Saline county without remanding the cause. The action is assumpsit, brought by the minor children of Joseph A. Irwin, deceased, by their guardian,

200—37

against the appellee, to recover upon an insurance policy issued upon the life of their father. A jury was waived, the cause was tried by the court, and a judgment was entered in favor of the appellants for $1039.50.

The cause was heard upon a written stipulation as to the facts, from which it appears that on May 6, 1901, Joseph A. Irwin made application, in writing, to the appellee for a two thousand dollar policy upon his life, in which he stated his occupation to be that of a coal miner and farmer. At the same time he signed a separate writing, (designated in the stipulation as "Exhibit B,") in which it was recited that Joseph A. Irwin had applied to the appellee for a policy of insurance upon his life, and as it appeared he was engaged in the occupation of coal mining, which occupation was denominated hazardous by the appellee, it was unwilling to assume full liability under the policy applied for by him for death or disability occasioned wholly or in part by such hazardous occupation; that in consideration of the issuance of said policy to him said Irwin agreed that in case of his death or disability occasioned wholly or in part by reason of said hazardous occupation, whereby a claim might arise under said policy, the appellee in that case should not, in any event, be held liable to pay to the beneficiaries more than fifty per cent of the amount named in the policy, and that the payment of said fifty per cent in such case by the appellee should be a full and complete performance by it of the requirements and conditions of the policy; that Irwin was examined by the examining physician of the appellee; that the application, "Exhibit B," and the examining physician's report, were forwarded to the appellee, and on the 10th day of May, 1901, it issued and delivered to Irwin the policy upon which suit is brought, and he paid to the appellee the first premium due thereon.

It further appears from the stipulation, "that on the 29th day of June, 1901, said policy being in force, the

said Joseph A. Irwin was killed in the following manner, that is to say: On or about the 12th day of May, 1901, he was employed with a crew of hands to assist in sinking a coal shaft for the purpose of opening a coal mine for the Saline County Coal Company, for which service he received as wages twenty-five cents per hour, and he continued in said employment until the time of his death; that said shaft was sunk through dirt about fifty feet from the surface down, and this part of the shaft, which was about nineteen by eight feet, was cased up with timber to prevent the dirt from falling in, and to prevent this casing from falling in or being pushed in by the exterior pressure of the dirt there were braces or pieces of timber about eight feet long and fastened at the ends to the casing, which braces were far enough apart to allow the rock car to pass up between them when properly managed, and that below this fifty feet of dirt and casing the shaft was sunk through solid rock; and that on the 29th day of June, 1901, the said Joseph A. Irwin and others who were then and there working with him in the said shaft, had blasted up a lot of rock and loaded them into what was called a rock car, and said loaded car was being raised to the surface by a hoisting engine, when by some means the said rock car struck against one of said braces in said shaft, tore it loose from the casing, and it fell upon the said Joseph A. Irwin and killed him, who was then in the bottom of said shaft, which was about eighty feet deep; that said coal company continued to sink said shaft until they afterwards struck coal at a depth of one hundred and thirty feet, and now have a regularly equipped coal mine in operation, and raise all the coal mined therefrom through the shaft in which said Joseph A. Irwin was killed, as above stated; that plaintiffs are the sole and only children of the said Joseph A. Irwin, who are all minors, and that A. W. Lewis is their regularly appointed and qualified guardian, and that after the death of the said Joseph A. Irwin the said A. W.

Lewis, as such guardian, furnished to the defendant company proofs of the death of the said Joseph A. Irwin, and that the same were accepted by the defendant on August 30, 1901, as satisfactory; and that after said proofs were so furnished, and before the commencement of this suit, to-wit, on the 13th day of November, 1901, the defendant tendered to the said A. W. Lewis, as such guardian, the sum of $1000 in gold coin of the United States in full satisfaction and payment of the amount due under the contract of insurance on which this suit is based, and the same was refused by the said A. W. Lewis, and that on the 17th day of April, 1902, and during this present term of this court, the defendant paid said sum of money in coin, as aforesaid, as a tender, into this court, and took a receipt therefor in words and figures following:

" '$1000.                    HARRISBURG, ILL., *April 17, 1902.*

" 'Received of the Northwestern National Life Insurance Company of Minneapolis, Minnesota, $1000 in gold coin of the United States as a tender of the defendant to the plaintiffs in the case of Alta Irwin *et al. vs.* The Nortwestern National Life Insurance Company, the money being paid into court by W. F. Scott, attorney for the defendant.

ED. M. STRICKLIN, *Clerk of Circuit Court.'*

"And that on the same day said money was paid into court it was received by the said A. W. Lewis, guardian as aforesaid, and his receipt for the same given to the clerk of this court, in the words and figures following:

" 'STATE OF ILLINOIS, ⎱ ss.
    *County of Saline.* ⎰

" 'In the Circuit Court, of the April term, A. D. 1902.—Alta Irwin *et al. vs.* The Northwestern National Life Insurance Company, assumpsit.

" 'Received of Ed. M. Stricklin, clerk of said court, one thousand dollars ($1000), the same being the defendant's tender in the above styled cause, this 17th day of April, 1902.

A. W. LEWIS, *Guardian of Plaintiffs.' "*

The appellee submitted to the court six propositions of law, the first and second of which were held by the court and the remaining four were refused. By the third

and fourth the court was asked to hold that "Exhibit B" was a part of the contract of insurance sued upon, and that Irwin's death was occasioned by reason of the hazards of the occupation of coal mining, and that there could be no recovery; and by the fifth and sixth, that the tender claimed to have been made by appellee was sufficient to bar a recovery.

A. W. LEWIS, for appellants.                ·

BROWN & KERR, and W. F. SCOTT, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

It has been repeatedly held by this court that where the Appellate Court reverses the judgment of the trial court for errors of law it should remand the case for a new trial, (*Commercial Ins. Co.* v. *Scammon*, 123 Ill. 601; *Commercial Union Assurance Co.* v. *Scammon*, 126 id. 355; *Jones* v. *Fortune*, 128 id. 518; *Scovill* v. *Miller*, 140 id. 504; *Purcell Co.* v. *Sage*, 189 id. 79; *National Linseed Oil Co.* v. *Heath & Milligan Co.* 191 id. 75;) but where it reverses the judgment because it finds the facts different from what they were found by the trial court it should make a finding of fact and recite the same in its final judgment, (*Tenney* v. *Foote*, 95 Ill. 99; *Tibballs* v. *Libby*, 97 id. 552; *Fitzsimmons* v. *Cassell*, 98 id. 332; *Neer* v. *Illinois Central Railroad Co.* 138 id. 29; *Scovill* v. *Miller, supra;*) and a case is not taken out of the general rule established by these cases because the evidentiary or probative facts are brought before the court by stipulation. (*National Linseed Oil Co.* v. *Heath & Milligan Co. supra.*) The stipulation found in this record amounts to no more than an agreement as to what the testimony would have been if, without the stipulation, it had been introduced before the court in the usual way, by the sworn testimony of witnesses or in the form of documentary evidence, and is not a stipulation as to the ultimate facts. There were presented to the court for

determination two questions of fact, or mixed questions of law and fact: First, was Irwin engaged in the occupation of a "coal miner" at the time he lost his life; second, did the appellee tender the appellants the amount due upon the policy prior to the day the suit was commenced. It cannot be said that the evidence found in the stipulation necessarily establishes both or either of these propositions in favor of appellee. That is a question, however, for the determination of the Appellate Court from the evidentiary facts found in the stipulation, and it is impossible for this court to determine whether or not the trial court misapplied the law to the facts until the ultimate facts have been determined, and we have no power to determine them, but must look to the judgment of the Appellate Court for the determination thereof. (*Purcell Co.* v. *Sage, supra.*) If the Appellate Court reversed the trial court by reason of errors of law it should have remanded the cause for a new trial, and if the reversal was because it found the facts different from what the trial court found them it should have incorporated in its judgment the ultimate facts as found by it.

The judgment of the Appellate Court will be reversed and the cause remanded to that court, with directions to enter such judgment reversing and remanding, reversing without remanding, or affirming the judgment of the circuit court, as in its judgment may be proper, and if it reverse the judgment without remanding, it recite in the judgment the ultimate facts as found by it. Leave is given to withdraw the record of the circuit court filed in this court, for the purpose of re-filing it in the Appellate Court.                    *Reversed and remanded.*