## THOMAS D. HOGAN

*v.*

## THE CHICAGO AND ALTON RAILROAD COMPANY.

*Opinion filed April 24, 1903.*

1. APPEALS AND ERRORS—*Appellate Court should recite the ultimate facts in its judgment reversing without remanding.* If the Appellate Court finds the ultimate facts different from the trial court and reverses without remanding, it must recite its finding as to the ultimate facts in its judgment, in order that the Supreme Court may review the application of law to such facts.

2. SAME—*when Appellate Court's findings are mere conclusions of law.* Findings by the Appellate Court in its judgment reversing a judgment for the plaintiff in an action for damages to his property from the construction and operation of an additional railroad track in the street, that the "appellant had a complete right to lay the additional track" and that "appellee has no lawful claim for damages" are conclusions of law, only.

3. SAME—*Supreme Court cannot deduce ultimate facts from stipulation.* Upon appeal from a judgment of the Appellate Court reversing a judgment in an action at law tried upon a stipulation of the evidentiary facts, the Supreme Court cannot determine the ultimate facts from such stipulation but must accept the Appellate Court's finding as correct.

*Chicago and Alton Railroad Co.* v. *Hogan,* 105 Ill. App. 136, reversed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

ALBERT SALZENSTEIN, for appellant.

PATTON & PATTON, (WILLIAM BROWN, of counsel,) for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The appellant brought an action on the case against the appellee company for damages to real estate owned by him, abutting on Fourth street, in the city of Springfield, occasioned, as the declaration alleged, by the construction of an additional railroad track in said street in front of his property and operating engines and cars thereon. The plea was the general issue. The cause was submitted to the trial judge without a jury, upon the testimony of several witnesses and a stipulated state of evidentiary facts. Judgment was entered in favor of the appellant in the sum of $380, but the Appellate Court for the Third District, on appeal, reversed the judgment and refused to remand the cause. The appellant procured a certificate of importance and perfected this appeal to this court.

The Appellate Court incorporated in its judgment the following as its finding of facts: "We find that appellant had complete right to lay the additional railroad track complained of, on its right of way, and that appellee has no lawful claim for damages to his property by reason of the laying of such additional track or the operation of engines and trains over it." The Appellate Court found the ultimate facts established by the stipulated evidentiary facts different from the trial court, and for that reason reversed the judgment and did not remand the cause. It therefore became the duty of the Appellate Court, in

obedience to section 88 of our Practice act, to recite in its final judgment the ultimate facts as found by it. *Purcell Co.* v. *Sage,* 192 Ill. 197; *Pease* v. *Ditto,* 185 id. 317; *Irwin* v. *Northwestern Life Ins. Co.* 200 id. 577; Practice act, sec. 88.

An appeal from the decision of an Appellate Court reversing the judgment of the circuit court without remanding the case and incorporating in its judgment a finding of facts, presents the question in this court whether the Appellate Court correctly determined and applied the law arising out of and applicable to the facts recited in its judgment. On such an appeal, this court and the parties to the cause are concluded as to the facts by the recital of facts in the judgment of the Appellate Court. But the decision of the Appellate Court as to the law arising out of the facts so recited may be reviewed by this court. (*Pease* v. *Ditto, supra; Purcell Co.* v. *Sage, supra.*) It is therefore necessary to a review of the action of the Appellate Court in such cases that the judgment should disclose the ultimate facts as found by the Appellate Court, in order that this court may determine the conclusions of law proper to be drawn from such facts. In the case at bar the circuit court found one state of case to be proven by the stipulated facts and the Appellate Court found the stipulated facts established another state of case. This court has no power to determine the facts for itself from the stipulation, but must accept the facts as found by the Appellate Court. *Irwin* v. *Northwestern Life Ins. Co. supra; National Linseed Oil Co.* v. *Heath & Milligan Co.* 191 Ill. 75.

It will be observed on examination of that which was incorporated in the judgment of the Appellate Court in the case at bar as a finding of facts by that court, that no facts are there recited, but only conclusions of law. The finding that the appellee company "had complete right to lay the additional railroad track complained of," is a mere declaration of a legal right possessed by the company. The facts upon which, in the opinion of the

Appellate Court, this legal right is based or out of which it grew should have been stated, in order that this court might determine whether the deduction of the Appellate Court as to the legal right of the company was correct. The statement in the judgment that the appellant "has no lawful claim for damages to his property by reason of the laying of such additional track or the operation of engines and trains over it," is also but the declaration of another legal conclusion reached by the Appellate Court upon consideration of a state of facts which the judgment should have disclosed but does not. Having found the ultimate facts different from the trial court and reversed the judgment of that court without remanding the cause, it became the duty of the Appellate Court to recite in its judgment the ultimate facts as found by it, in order that the appellee in that court (appellant here) might obtain in this court a review of the decision of the Appellate Court as to the law applicable to the state of case as determined by the Appellate Court. The recital in the judgment of the Appellate Court presents no question for review in this court.

The judgment of the Appellate Court must be and is reversed and the cause will be remanded to that court, with directions to the Appellate Court to enter such judgment reversing and remanding, reversing without remanding, or affirming the judgment of the circuit court as in its judgment may be proper, and if it shall reverse the judgment because it has found the controverted facts different from the circuit court and shall not remand the cause, it shall recite in its judgment the ultimate facts as found by it. Leave is given to withdraw the record filed in this court for the purpose of re-filing it in the Appellate Court.       *Reversed and remanded.*