## SERENA M. MARTIN

*v.*

## J. FIELDING MARTIN *et al.*

*Opinion filed April 24, 1903.*

1. APPEALS AND ERRORS—*duty of Appellate Court to recite facts in its judgment.* If the Appellate Court reverses a judgment at law without remanding the cause because it finds the facts different from the trial court, it must incorporate in its judgment a recital of the facts so found.

2. SAME—*conclusions of law have no place in recital of facts.* The Appellate Court's recital of facts should include every material ultimate fact upon which the rights of the parties depend, but neither the parties nor the Supreme Court are bound by any legal conclusions contained in such recital of facts.

3. SAME—*statement that there was no consideration for check is a legal conclusion.* A statement in the Appellate Court's recital of facts that there was no legal or valuable consideration for the checks upon which the verdict was based is a legal conclusion drawn by the Appellate Court from the facts.

4. SAME—*Appellate Court should recite facts overcoming presumption of consideration for check.* A check on a bank is presumed to stand upon a valid consideration, and if the Appellate Court finds there was no consideration, it should recite in its judgment the material ultimate facts operating to overcome such presumption.

5. SAME—*essentials of recital respecting implied contract for services.* In the absence of an express contract for compensation for services, the question whether there is any liability to pay, arising by implication of law, is one of law, and hence a finding by the Appellate Court that there was no implied liability is insufficient, where the facts upon which such conclusion is based are not recited.

6. GIFTS—*a legal liability cannot be discharged by a gift.* A legal liability cannot be discharged by a gift, since absence of consideration is essential to a gift.

*Martin* v. *Martin,* 101 Ill. App. 640, reversed.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of Kendall county; the Hon. GEORGE W. BROWN, Judge, presiding.

HENRY S. WILCOX, for plaintiff in error.

N. J. ALDRICH, and THEODORE WORCESTER, for defendant in error J. Fielding Martin.

HENRY W. WOLSELEY, for other defendants in error.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The plaintiff in error exhibited in the county court of Kendall county in probate sitting, her claim against the executors of the estate of Edward Martin, deceased. The claim seems to have been dismissed in the county court without a trial. The claimant appealed to the circuit court, where a hearing was had before the court and a jury and the claimant was allowed a judgment against the estate in the sum of $62,080. The executors prosecuted an appeal to the Appellate Court for the Second District, and the judgment of the circuit court was reversed and the cause remanded. On a second hearing in the circuit court, also before the court and a jury, the jury returned a verdict in favor of the claimant in the sum of $83,367.73. The case came again into the Appellate Court for the Second District by writ of error. A hearing in that court resulted in a judgment reversing the judgment of the circuit court, reciting the facts as found by the Appellate Court and refusing to remand the cause. The claimant thereupon sued out this writ of error and has brought the record of the proceeding here for review.

The claim was for the amount of certain checks alleged to have been drawn by the deceased on certain banks, payable to the claimant, aggregating $53,805 in amount; also for the sum of $3256.76 alleged to have been collected by the deceased on bonds and securities belonging to the claimant. The defense sought to be made was, that the checks were not founded on any consideration, and that all amounts collected on bonds or securities belonging to the plaintiff in error had been paid by the deceased to her. These were the controverted questions of fact in the case.

When the Appellate Court finds the controverted facts in a case different from the trial court, and for that reason reverses the judgment of the circuit court in an action at law and refuses to remand the cause, it becomes the duty of the Appellate Court to incorporate in its judgment a statement of the facts upon which the judgment of reversal proceeded. (Practice act, sec. 88; *Purcell Co.* v. *Sage*, 192 Ill. 197; *Pease* v. *Ditto*, 185 id. 317.) On the review in this court of such a judgment of reversal we have no power to determine for ourselves the controverted facts proven upon the hearing in the trial court, but must accept the facts as found by the Appellate Court. (*Irwin* v. *Northwestern Life Ins. Co.* 200 Ill. 577; *National Linseed Oil Co.* v. *Heath & Milligan Co.* 191 id. 75.) The question arising for decision here, then, is whether the Appellate Court applied correct principles of law to the facts so found by that court to have been established by the proofs in the case. (*Pease* v. *Ditto, supra; Purcell Co.* v. *Sage, supra.*) It is indispensable, therefore, that the recital incorporated in the judgment of the Appellate Court shall disclose the facts upon which the Appellate Court applied the law and pronounced the judgment of reversal. We cannot resort to the opinion of the Appellate Court to ascertain the conclusions reached by that court as to the facts, but must be governed by the recitals in the judgment. (*Centennial Nat. Bank* v. *Farrell*, 166 Ill. 513; *Calumet Street Railway Co.* v. *VanPelt*, 173 id. 70; *Marske* v. *Willard*, 169 id. 276.) This recital of facts should include every ultimate material fact upon which the rights of the parties depend, (*Hogan* v. *City of Chicago*, 168 Ill. 551,) and should not be mere statements of legal conclusions. The parties and this court are concluded as to the truth of any controverted question of fact by the recital of the finding of the Appellate Court thereon. Neither the parties nor this court are bound by any legal conclusions that may have been inserted in the judgment of the Appellate Court.

The recital in the judgment of the Appellate Court as constituting the facts found by that court in the case at bar is as follows: "We find as a fact that there was no legal or valuable consideration for the checks offered in evidence and upon which we find the verdict of the jury was based. We further find as a fact that there was no contract between Edward Martin and the claimant, either express or implied, for services rendered or to be rendered by the latter to the former; that the promise of Edward Martin to claimant to 'compensate her as he saw fit' was not understood by the parties as constituting a legal contract to pay and was not so acted upon by them, but was only understood as expressive of an intention on the part of Edward Martin and an expectation on the part of the claimant that Edward Martin would out of his fortune do better by claimant, in a financial sense, than she could do for herself. We further find as a fact that as to moneys which Edward Martin collected upon bonds or other securities which he had previously given to claimant, either for principal or interest, he had fully re-paid her therefor by the gift to her of other securities of greater value in place of the securities themselves, and by the giving of checks for the interest collected to a greater amount than he had received, said checks being other checks than those involved in the present suit. We find as a fact that she has frequently admitted that she had received all the interest collected by him upon her securities, and that, in fact, that is true, and she has now no legal claim against his estate therefor."

This statement is altogether insufficient to enable us to determine the legal rights of the parties. The statement that there was no legal or valuable consideration for the checks offered in evidence is but the declaration of a legal conclusion arrived at by the Appellate Court upon consideration of the ultimate material facts bearing on the question of the consideration found by it to have been established by the proofs. "A check is a draft or order

upon a bank or banking house, purporting to be drawn upon a deposit of funds, for the payment, at all events, of a certain sum of money to a certain person therein named, or to him or his order, or to bearer, and payable instantly on demand." (5 Am. & Eng. Ency. of Law,— 2d ed.—1029.) The existence of a consideration for the giving of a check is essential to the maintenance of an action against the drawer by the payee, but a bill of exchange or check for the payment of money, drawn upon a bank or banking house, is presumed to stand upon a valid and valuable consideration. (4 Am. & Eng. Ency. of Law,—2d ed.—186.) The drawing and delivery of a check imports an indebtedness of the drawer to the payee to the amount of the check. (*McClain* v. *Lowther*, 35 W. Va. 297; 2 Parsons on Notes and Bills, 84.) The material ultimate facts which in the judgment of the Appellate Court operated to overcome this presumption of law should have been recited in the judgment.

The claim of the plaintiff in error did not contain an item claiming compensation for services rendered, and the finding as to the matter of compensation for services, referred to in the second clause of the statement, cannot be understood as referring to any such claim against the estate. Counsel for the defendant in error J. Fielding Martin says the clause (or second finding, as he denominates it,) is surplusage; that there was no claim for services, but that the question arose whether such services constituted a consideration for the checks, and that having found the checks were without consideration "it was unnecessary to say why there was no consideration in another finding," and, "it is of no consequence how many propositions of law may be contained in this finding, or whether they are good or bad." If the claimant rendered services for the deceased without an express contract as to the compensation to be paid her, whether liability to pay would arise by implication of law is a question of law, to be determined upon consideration of the facts connected

with the services rendered, the relation of the parties, of the expectation of the party rendering the services to receive compensation, the intention of the party receiving the benefit of the services to pay therefor, and perhaps other facts. Instead of setting forth the conclusion that out of the facts of the case there arose no legal liability to pay for the services, the Appellate Court should have stated the facts upon which the conclusion was based, in order the plaintiff in error could ask the judgment of this court upon the question of implied liability because of the existence of the facts. If the services of the plaintiff in error were rendered to the deceased under his promise that "he would compensate her as he saw fit," and with the intention on the part of the deceased and expectation on the part of plaintiff in error that the deceased would in some way render her a financial equivalent for her services, and the claimant rendered services to the deceased and he executed the checks and delivered them to her as in fulfillment of his promise to compensate her "as he saw fit," these facts should have been stated as the deductions of the Appellate Court as to the facts established by the proof. Had the recital in the judgment set forth the ultimate material facts as to the rendition of services by plaintiff in error and the promise and acts of the deceased in connection therewith, together with the relation and consanguinity of the parties and their acts in the matter of giving and receiving the checks, and all other ultimate facts bearing upon the consideration for the checks or the lack thereof, plaintiff in error could have asked this court to decide, from such findings of fact, whether, as matter of law, the checks were without consideration and mere gifts, or whether they were to be regarded, in law, as given for value.

The declaration that no liability to render compensation for the services was to be implied, if accepted as a finding of fact leaves no function to be performed by this court, but irrevocably concludes the plaintiff in error, as

to this branch of the case, by the judgment of the Appellate Court as to the principles of law applicable to the facts.

The third clause in the statement made by the Appellate Court is open to the contention in this court that the Appellate Court found that the deceased had fully discharged himself of liability to answer to plaintiff in error for the amounts so collected by him on her bonds or other securities by making further gifts of other securities to her. A gift is a voluntary, gratuitous transfer of property by one to another. (*Williamson* v. *Johnson,* 22 Am. St. Rep. 117.) It is essential to a gift that it should be without consideration. (14 Am. & Eng. Ency. of Law,—2d ed.— 1008; *Hamor* v. *Moore,* 8 Ohio St. 239.) If a legal liability existed against the deceased it could not be discharged by a gift. The statement in the final sentence of the recital that the plaintiff in error had frequently admitted that she had received all the interest collected on her securities is but the recital of a portion of the evidence bearing upon the question of such payment of the interest, and has no proper place in a finding of facts as to the payments, by the court.

The Appellate Court having reversed the judgment of the circuit court without remanding the cause and without incorporating in its judgment a finding of the ultimate material facts on which the judgment of reversal proceeded, we cannot review the judgment of reversal, but must reverse the judgment of the Appellate Court and remand the cause to that court, with directions to enter a judgment affirming, reversing and remanding or reversing the cause without remanding, and if it shall reverse the cause without remanding the same it shall incorporate in its judgment a finding of the ultimate and material facts of the case. Accordingly, the judgment of the Appellate Court is reversed and the cause so remanded.          *Reversed and remanded, with directions.*