## THOMAS D. HOGAN

*v.*

## THE CHICAGO AND ALTON RAILROAD COMPANY.

*Opinion filed February 17, 1904.*

1. APPEALS AND ERRORS—*facts recited in Appellate Court's judgment are conclusive.* The ultimate facts recited in the judgment of the Appellate Court reversing a judgment at law without remanding are conclusive upon the Supreme Court, although the facts (except the question whether the plaintiff suffered damage and the extent thereof) are covered by a stipulation between the parties.

2. SAME—*when finding of Appellate Court is conclusive against recovery.* A finding in the judgment of the Appellate Court that the plaintiff suffered no damage by interference with his ingress to or egress from his premises from the construction of an additional railroad track by the defendant is conclusive against his right of recovery, where such interference was the only damage which the evidence tended to support, and where the facts recited by the Appellate Court are sufficient to sustain its judgment.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

ALBERT SALZENSTEIN, for appellant.

PATTON & PATTON, (WILLIAM BROWN, of counsel,) for appellee.

208—11

Mr. JUSTICE RICKS delivered the opinion of the court:

The appellant brought his action on the case against the appellee, in the circuit court of Sangamon county, to recover damages to his real estate abutting on Fourth street, in the city of Springfield, on account of appellee laying an additional railroad track over its right of way and diagonally across said street, adjacent to appellant's premises. Appellee pleaded the general issue. The cause was heard by the court without a jury and a judgment rendered in favor of appellant for $380 damages. Appellee prayed an appeal to the Appellate Court for the Third District, and that court reversed the judgment of the circuit court without remanding the cause. The judgment was not reversed because the Appellate Court differed from the trial court as to the law governing the case, but upon the ground that the Appellate Court found the facts differently from the finding of the trial court. From that judgment an appeal was prosecuted to this court by appellant, and at the April term, 1903, the judgment was reversed and the cause remanded to the Appellate Court, with directions to that court "to enter such judgment reversing and remanding, reversing without remanding, or affirming the judgment of the circuit court as in its judgment may be proper, and if it shall reverse the judgment because it has found the controverted facts different from the circuit court and shall not remand the cause, it shall recite in its judgment the ultimate facts as found by it." (*Hogan* v. *Chicago and Alton Railroad Co.* 202 Ill. 206.) Complying with the remanding order of this court, the Appellate Court further considered said cause and again entered its judgment reversing, without remanding, the judgment of the trial court because it found the controverted facts differently from the circuit court. The findings of fact of the Appellate Court were as follows: "Appellant, by virtue of a conveyance made by Lewis Kirsch and wife to the Chicago and Mississippi Railroad Company, dated December 24, 1852, and certain

*mesne* conveyances since then made, is the owner in fee of a certain strip of land sixty feet wide, containing one and two-tenths acres, which it is using for right of way and railroad purposes, and has so used it continually since the date of the conveyance by Kirsch, either by itself or its predecessor in title; that the purpose of the grant was to enable the grantee to construct tracks and operate a railroad over the strip; that the consideration paid Kirsch included not only the value of the strip of the land conveyed, but compensation for all damages that might arise to adjoining lands from the use of the premises so conveyed in operating a railroad with a single or double track; that appellee, who is Kirsch's remote grantee, has acquired no right to the use of said strip of land as a means of egress and ingress to and from his premises, except such portion as is embraced within the boundary limits of Fourth street, in the city of Springfield; that Fourth street was laid out and extended across said strip of land after the appellant had acquired title thereto and begun to operate its railroad along said strip; that appellant had the right to construct and operate a second track along said strip of land and across said street; that the right of appellee and the right of the public to the use of the street is subordinate to the right of appellant to construct such second track, and that appellee's right of egress and ingress to and from his premises has been in nowise impaired by appellant's laying and operating said track." A certificate of importance having been granted, this appeal is prosecuted from that judgment, and both appellant and appellee have filed extensive briefs and arguments covering the facts as well as the law of the case.

Appellant earnestly urges that the conclusion reached by the Appellate Court, upon the facts disclosed by the record and the law applicable thereto, is erroneous. His argument begins with the supposed legal effect of a certain deed from one Kirsch to the appellee company for

the strip of land occupied by it at the place in controversy, and contends that by that deed appellee did not obtain the property therein described for railroad purposes, and that as the conveyance was made prior to the constitution of 1870, although appellant obtained his title from the same source, a right of action still exists in favor of appellant.

As we understand and have many times interpreted the statute regulating the practice in cases like this, we are not permitted to consider the matters presented by appellant's brief. Where a judgment is reversed by the Appellate Court without remanding, on the ground that that court finds the facts differently from the finding of the trial court, and the judgment of said Appellate Court contains a sufficient and proper finding of facts, the only question then remaining for the consideration of this court is whether the judgment entered by the Appellate Court is supported by the ultimate facts found by it. In other words, do the findings of fact by the Appellate Court support its judgment? This court is concluded, upon the questions of fact, by the finding of the Appellate Court. (*Hawk* v. *Chicago, Burlington and Northern Railroad Co.* 147 Ill. 399; *Borg* v. *Chicago, Rock Island and Pacific Railway Co.* 162 id. 348.) Although the facts, outside of the simple question of whether appellant suffered damages, and the extent thereof, were covered by a stipulation between the parties, we are not permitted to examine the stipulation and determine for ourselves the facts, but must accept them as found by the Appellate Court. *Irwin* v. *Northwestern National Life Ins. Co.* 200 Ill. 577; *National Linseed Oil Co.* v. *Heath & Milligan Co.* 191 id. 75; Practice act, sec. 88.

The only damages appellant claims there was any evidence in the record tending to support, were for the obstruction and interference with his right of ingress and egress. By reference to the finding of facts by the Appellate Court we observe that it has found that the conveyance from Kirsch to appellee of the strip of land

held by it was to enable appellee to construct tracks and operate a railroad over said strip, and that the consideration paid by appellee for said conveyance included not only the value of the strip of land conveyed, but compensation for all damages that might arise to adjacent lands from the use of the premises conveyed in operating a railroad with a single or double track, and that appellant has acquired no right to the use of said strip of land as a means of ingress and egress to and from his premises, except such portion as is in the street; that the street was laid out and extended across said strip of land after appellee had acquired title thereto and began to operate its railroad over the same, and that appellant's right of egress and ingress from and to his premises has been in nowise impaired by appellee laying said track and operating said railroad.

The facts as found by the Appellate Court are not discussed by appellant, but instead thereof the facts as disclosed by the stipulation of the parties to the record. Nor is it claimed that the Appellate Court has not found the proper or ultimate facts contemplated by the statute. That court having expressly found that appellant suffered no damage by interference with his ingress or egress to or from his premises by reason of laying the additional track, this is the one conclusive ultimate fact found adversely to him upon which he bases his right of action, whatever other legal questions may be involved, and under such finding of facts the judgment should be for appellee, and such was the judgment of the Appellate Court, so it cannot be said that the facts as found by the Appellate Court do not sustain the judgment entered by it, and it becomes unnecessary for us to discuss the legal questions arising upon a state of facts which might establish the existence of damages to the appellant when the facts found show there was no damage, which is the very foundation of the action.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*