## J. Fielding Martin v. Serena M. Martin, et al.

### Gen. No. 3,822.

The decision of the court in this case will be found in 101 Ill. App. 640.  The judgment entered at the time of the rendition of such decision was subsequently reversed by the Supreme Court solely because of an insufficient finding of facts.  The ensuing merely corrects the former judgment entered in the cause.

Contested claim in Court of Probate.  Error to the Circuit Court of Kendall County; the Hon. GEORGE W. BROWN, Judge, presiding.  Heard in this court at the October term, 1901.  Reversed with finding of facts.  Opinion filed April 14, 1904.

N. J. ALDRICH and THEODORE WORCESTER, for plaintiff in error.

ROBERT L. TATHAM and HENRY S. WILCOX, for defendants in error.

MR. JUSTICE VICKERS delivered the opinion of the court.

This case was before us at the October term, 1901, and the opinion reversing the case without remanding is reported in Martin v. Martin, 101 Ill. App. 640. The case was appealed to the Supreme Court and the judgment of this court was reversed solely because this court made an insufficient finding of facts. See Martin v. Martin, 202 Ill. 382.

Upon a reconsideration of this case by this court we see no reason for modifying the views expressed by Mr. Justice Crabtree when this case was before us at the former term, and accordingly the opinion filed herein on that occasion is again adopted as the opinion of this court, and the judgment of the Circuit Court is reversed without remanding.

*Reversed.*

Finding of facts, to be incorporated in the judgment of the court:

We find that the claimant was a niece of Edward Martin, and that she came to make her home in the family of Edward Martin and a sister of his, Serena Martin, when the claimant was only nine years old, and that she continued to reside with her uncle and aunt until the death of her aunt Serena, which occurred in 1877. We find that Edward Martin was a man of large fortune and had never been married, and had no family or home, other than with his sister and niece, and that they resided at Red Hook, in the State of New York. We find that the claimant continued to keep house for Edward Martin after the death of her aunt Serena, and was devoted to her duties as housekeeper for her uncle and that she was kind and affectionate toward him, and that he was likewise attached to her and regarded her as in every way a worthy object of his munificence. We find that at the time of the death of Serena Martin the deceased told claimant that she should remain there in the house just as she had always done before and that he would compensate her as he saw fit.

We find that Edward Martin determined that he would from time to time as he saw fit give the claimant such sums of money, notes, mortgages, bonds and other property as he might determine, and that in pursuance of this purpose, and influenced by his tender regard for the claimant and in recognition of her faithfulness and devotion to her duties, the deceased did from time to time make generous gifts of notes, bonds, mortgages and other securities, aggregating over $200,000 exclusive of the matters involved in this suit.

We further find that the checks offered in evidence for the purpose of establishing the claims of Serena M. Martin, were executed by the deceased Edward Martin with the intention and purpose of making a gift of the proceeds of said checks to Serena M. Martin, in pursuance of the same purpose as set forth in above findings. We find further that the aggregate amount of all these checks is $62,080.02, and that the verdict of the jury was for the full amount of these checks and five per cent interest thereon, making a total of $83,367.73. We find that none of these checks were presented to the banks upon which they were drawn prior to the death of Edward Martin. We find that five of these checks were drawn on the First National Bank of Joliet, Illinois, dated April 13, 1893, and that the amount of these five checks is $8,275; that five checks were drawn on the United States Trust Co. of New York, dated April 13, 1893, for the aggregate amount of $20,805.02, and that four others were on the United States Trust Co., dated October 14, 1893, and aggregated $33,000.

We find that the checks dated April 13, 1893, were placed by him in claimant's safety deposit box in a bank in Poughkeepsie, New York, with the intention that the claimant should have the benefit of them as a gift.

We find that these checks were drawn with the sole purpose of making a gift of the proceeds to claimant, and that claimant never otherwise had the checks in her possession, and had no knowledge that they had been executed until after the death of Edward Martin, the drawer.

We find that the checks dated October 14, 1893, were

delivered to the claimant before the death of the drawer, and were in her possession and control when he died.

We find that the items of Serena M. Martin's claim so far as the same is based on interest collected for her account and cash received on principal of notes and the securities for her use were fully paid, discharged and settled by Edward Martin in his lifetime, and that there is nothing whatever due on these accounts from the estate of Edward Martin to the claimant, and that as to this last item the jury found against the claimant, with which finding we agree.