THE CITY OF CHICAGO

*v.*

JULES E. ROEMHELD *et al.*

*Opinion filed April 18, 1907.*

1. APPEALS AND ERRORS—*facts to be recited in Appellate Court's judgment are ultimate facts.* Section 87 of the Practice act, providing that where the Appellate Court shall make a final determination of any case as a result, wholly or in part, of finding the facts different from the finding of the trial court it shall recite in its judgment the facts as found by it, contemplates a finding of ultimate facts only, and the fact that there is no conflict in the testimony does not relieve the Appellate Court of its duty.

2. SAME—*mere recital of evidentiary facts is not sufficient.* A recital in the Appellate Court's judgment of the evidentiary facts, even though it embraces the entire testimony and about which there is no conflict, is not a recital of the ultimate facts and does not justify the Appellate Court in not remanding the cause upon reversing the judgment.

3. SAME—*correct practice where Appellate Court's judgment does not recite the ultimate facts.* If the Appellate Court makes a recital of facts and reverses without remanding, but the facts recited are not ultimate facts, the Supreme Court, upon further appeal, will remand the cause to the Appellate Court with directions to recite the facts upon which its judgment of reversal is predicated, if it is still of the opinion final judgment should be entered in that court, or, if it reverses the judgment for errors of law, to remand the cause to the trial court.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

WILLIAM D. BARGE, (JAMES HAMILTON LEWIS, Corporation Counsel, of counsel,) for appellant.

EDMUND D. ADCOCK, (COLIN C. H. FYFFE, of counsel,) for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

This suit was brought in the superior court of Cook county by the appellees, who were contractors and had entered into a contract with appellant for the construction of two bridges, to recover of the city an amount claimed to be due them on account of extra work and material required by alterations made in the plans by appellant after letting the contract to appellees.

The original contract price for the two bridges was $425,000, and among other things it was provided in the contract that no claim should be made by the contractors for extra work or material unless the changes in or additions to the work requiring additional cost in construction should first have been ordered in writing by the commissioner of public works. Appellant also relied upon an ordinance which it introduced in evidence, containing, among other sections, the following:

"1609. No payment shall be made on any work or job done by contract for any extra work not specified in the contract, unless such extra work shall have been done by the written order of the commissioner of public works, to be annexed to such contract, directing the same, and stating that such work is not included in the contract: *Provided,* that any order given under this section shall state what the extras are, and that such extras are necessary for

the proper completion of or for the security of the work previously done, and the reasons therefor."

There was no conflict in the testimony. The only proof offered on the trial, except the ordinance mentioned and receipts for money paid appellees, was offered by appellees. This uncontradicted testimony shows that changes were made in the original plans and specifications in the city engineer's department and under his direction, which involved an additional cost in material and labor in the construction of said bridges of $20,042.82. Working drawings were made in accordance with the changes, and these were approved, in writing, by the city engineer and his assistants. These drawings, seventy-six in number, each about two and one-half by three feet in size, were presented by the city engineer to the commissioner of public works for his approval. Said commissioner made no objections to the drawings nor to approving them and ordering the work done in accordance therewith, but did make some objection to the labor involved in signing all of them. He inquired of appellant's engineer in charge of the bridge department, who presented them to him for his signature, whether it was necessary for him to sign all of them. The engineer, Mr. Philfelt, replied that he did not know, and thereupon the commissioner of public works signed his name to drawing No. 1 on a blank line prepared for that purpose immediately following the word "Approved." Underneath the line upon which his signature was written are the words, "Commissioner of Public Works." After the drawings were turned over to appellees one of them inquired of Mr. Philfelt why the commissioner of public works had not signed all of them, and was told by Mr. Philfelt the commissioner did not think it necessary. When the bridges were completed they were approved by the city engineers, accepted by the city and the original contract price paid. This suit, as before stated, was brought to recover the additional cost to appellees made necessary by the changes in

the plans. A jury was waived and the cause tried by the court. The court refused to hold certain propositions of law presented by appellees. One of said propositions was to the effect that the appellees were entitled to recover the amount sued for. Other refused propositions were to the effect that if certain things recited in them had been proven, then appellees were entitled to recover. On behalf of appellant the court held in propositions of law that unless the evidence showed the work and material sued for had been ordered by the commissioner of public works, in writing, before the work was done or the material furnished, there could be no recovery, and that the contract between the parties could not be changed except in writing, signed by the commissioner of public works. The court gave judgment for appellant for costs. On appeal to the Appellate Court this judgment was reversed and a judgment entered in that court for appellees for $20,042.82, and this appeal is prosecuted from the judgment of the Appellate Court.

One of the errors assigned here is, that the Appellate Court erred in rendering judgment in favor of appellees.

The Appellate Court made a recital of facts with its judgment, which is as follows: "That after the execution of the contracts for the two bridges in question the appellants caused to be made working drawings for the construction of the bridges, which, when made, were in exact conformity with the original plans and specifications upon which the appellants bid. These working drawings were submitted to the city engineer and his assistant and consulting engineer, and the said assistant engineer, with the knowledge and approval of the city engineer, made notations upon the drawings indicating much more material and involving more expense than required by or involved in the original drawings and specifications. The drawings, with the notations thereon, were returned to the appellants, who caused a second set of working drawings to be made conforming to the first set and the notations thereon, and sub-

mitted said second set of working drawings to the city engineer. The city engineer and his assistant engineers approved, in writing, the second set of working drawings by signing their names thereto next after the word 'Approved' on said drawings, and the city engineer caused all of the second set of working drawings to be submitted to the commissioner of public works of the city of Chicago for his approval. Said commissioner, next after the word 'Approved' on the first of said working drawings marked 'I,' signed his name thus, 'F. W. Blocki, Commissioner of Public Works,' but omitted so to sign the remaining seventy-five of said working drawings on the ground that such signing would require too much time and labor and because he doubted the necessity of signing said drawings. The commissioner of public works subsequently told one of the appellants that he would sign all of said working drawings. The city engineer and his assistant engineers constitute a branch or subordinate department of and are included in the department of public works of the city of Chicago, and it was, before and at the time in question, the general rule and practice of the said department of public works that when any change from the original plans or specification in the detailed plans for working drawings were to be made, such changes were ordered by some of the city officials in the engineering department. The appellants in good faith constructed the two bridges in question in accordance with said second set of working drawings. The work of construction was generally under the immediate direction and superintendence of the commissioner of public works, and all material used was subject to his inspection and approval, and when the bridges were completed he and the appellee accepted them. The total price or value of the extra materials in the two bridges is 'twenty thousand and forty-two dollars and eighty-two cents ($20,-042.82.)' And the court doth further find that the said appellants ought to have and recover of and from the said

appellee their damages by them sustained by reason of the premises; and the court being now fully advised in the premises, doth assess the damages of said appellants against said appellee to the sum of twenty thousand, forty-two dollars and eighty-two cents ($20,042.82.) Therefore, it is considered by the court that the said appellants do have and recover of and from the said appellee their said damages of twenty thousand, forty-two dollars and eighty-two cents ($20,042.82), in form as aforesaid by the court assessed, and their costs by them in this behalf expended in this and in the superior court of Cook county to be taxed."

The 87th section of the Practice act provides that if the Appellate Court shall make a final determination of any case as the result, wholly or in part, of finding the facts different from the finding of the trial court, it shall recite in its final order the facts as found by it. These facts must be the ultimate facts in controversy. That there was no conflict in the testimony on the trial could not relieve the Appellate Court from this duty. Even in cases tried upon an agreed statement of facts the same rule applies. The ultimate facts are established by the evidence, and it is such ultimate fact that must be recited in the final order of the Appellate Court. The mere recital of the evidentiary facts, although the recital may embrace the entire testimony and about which there is no conflict, is not a recital of the ultimate facts established by evidence. (*Irwin* v. *Northwestern Life Ins. Co.* 200 Ill. 577; *Purcell Co.* v. *Sage,* 189 id. 79; *National Linseed Oil Co.* v. *Heath & Milligan Co.* 191 id. 75.) It will be seen the finding made by the Appellate Court in this case is simply a recitation of the evidentiary facts. For illustration, we may assume that the trial court, as indicated by its rulings on propositions of law, held that the evidence as to what the commissioner of public works did when the plans and drawings were presented to him for approval and signature did not prove that he signed them, within the meaning and requirements of the contract and

ordinance. This was an ultimate fact, and if the Appellate Court found this fact, or any other ultimate fact, different from the trial court as a basis for its judgment of reversal, it should have recited it in its finding. This it did not do. If that court had found the facts the same as they were found by the trial court but had reversed the judgment for errors of law no finding of facts would have been necessary. (*Hogan* v. *City of Chicago,* 168 Ill. 551.) The Appellate Court having made a recital of facts with its final order, we must presume its reason for doing so was that it found them different from the trial court.

The judgment of the Appellate Court is reversed and the cause remanded to that court, with directions to it to recite the facts upon which its judgment of reversal is predicated if it shall still be of opinion that final judgment should be entered in that court, or, if said court reverses said judgment for errors of law, to remand the cause to the superior court for another trial. Leave is granted to withdraw the record filed here, for the purpose of re-filing it in the Appellate Court.

*Reversed and remanded, with directions.*