THE DELTA BAG COMPANY, Defendant in Error, vs. WILLIAM H. KEARNS, Plaintiff in Error.

*Opinion filed February 23, 1912.*

1. PRACTICE—*facts to be recited in Appellate Court's judgment are ultimate facts.* The facts to be recited in the Appellate Court's judgment under section 120 of the Practice act, where the reversal is the result, wholly or in part, of a finding of facts different from that of the trial court, are ultimate and not evidentiary facts.

2. SAME—*Supreme Court cannot look to the Appellate Court's opinion for the facts.* The recital of facts upon which a judgment of the Appellate Court, entered under section 120 of the Practice act, is based must be incorporated in the judgment itself, and the opinion of that court cannot be resorted to by the Supreme Court to ascertain the facts.

3. SAME—*what finding is a mere conclusion of law.* A finding by the Appellate Court that "there is no evidence in the cause showing any infraction of the law of Illinois concerning foreign corporations by the plaintiff corporation before the beginning of this suit" is not a finding of fact but is a conclusion of law.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD CLIFFORD, Judge, presiding.

WILLIAM A. DOYLE, (JOSEPH J. THOMPSON, of counsel,) for plaintiff in error.

HELMER, MOULTON & WHITMAN, for defendant in error.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

Defendant in error, a corporation doing business in New Orleans, brought replevin, February 22, 1900, in the circuit court of Cook county, against plaintiff in error, doing business in Chicago as J. P. Kearns & Co., to recover a carload of burlaps. The declaration also contained a count in

trover, and as the property had been converted, recovery could only be had on the trover count. Trial was had before a court and jury, resulting in a verdict of guilty and judgment thereon, from which an appeal was taken to the Appellate Court, where the judgment was reversed and the cause remanded. (112 Ill. App. 269.) On the second trial in the circuit court a jury was waived and the court entered judgment for plaintiff in error. On a second appeal the Appellate Court reversed the judgment with a finding of facts and entered judgment in that court against plaintiff in error. From that judgment the case is brought here by writ of *certiorari*.

The evidence shows that, as a result of negotiations by telegraph and letter, defendant in error sold G. E. Daniels & Son, of New York City, the burlaps in question, making the shipment to Chicago on February 7, 1900, over the Illinois Central railroad. The bill of lading was delivered to defendant in error at New Orleans, and thereupon sent, together with an invoice, to Daniels & Son, but was never endorsed by them and never came into the possession of plaintiff in error, being returned to defendant in error later by Daniels & Son. At about the same time Daniels & Son sent an invoice of the same goods to plaintiff in error at Chicago, which was received February 9, 1900, showing a credit thereon of $900, leaving a balance due from him to Daniels & Son of $971. The credit appears to have been given by reason of a sight draft paid by J. P. Kearns & Co. to Daniels & Son on account of a car-load of burlaps ordered by the former firm from the latter. Daniels & Son had caused this car-load to be sent to Chicago by the Delta Bag Company to fill Kearns & Co.'s order. On the same day plaintiff in error received this invoice he also received a telegram to the effect that Daniels & Son had made an assignment for the benefit of creditors. Having ascertained from its agent at Chicago that the car-load of burlaps was in Chicago, plaintiff in error made a demand upon the rail-

road company for its delivery. This demand was refused. A suit in replevin was then begun against the railroad company, on which, after the payment of freight, the plaintiff in error received the goods in question. To recover these goods or their value this suit was begun.

It is insisted by the plaintiff in error that the finding of facts by the Appellate Court amounts, in reality, to conclusions of law. That part of the finding objected to by counsel reads as follows: "The court further finds that the evidence introduced for the first time at the last hearing of the cause in the circuit court does not change in any material sense the case as presented to this court by the record in cause No. 11,171, decided by this court on February 25, 1904, and reported in 112 Ill. App. 269, and that it does not show any order on the Illinois Central Railroad Company for the delivery of goods involved, to the appellee, Kearns, not shown in the former hearing of the cause.

And the court further finds that there is no evidence in the cause showing any infraction of the law of Illinois concerning foreign corporations by the plaintiff corporation before the beginning of this suit."

One of the principal questions at issue in the trial of this cause was whether the defendant in error had the right to stop the goods *in transitu* before they were finally delivered by Daniels & Son to plaintiff in error. The cause was reversed by the Appellate Court on the first appeal because of errors on rulings of law but without any finding of facts. Section 120 of the Practice act, which provides for the Appellate Court reversing the trial court as the result, wholly of in part, of a finding of facts different from the finding of the trial court, states that it shall be the duty of the Appellate Court "to recite in its final order, judgment or decree, the facts as found." It is the ultimate and not the evidentiary facts in controversy that are to be so recited. (*City of Chicago* v. *Roemheld*, 227 Ill. 160; *National Life Ins. Co.* v. *Metropolitan Life Ins. Co.* 226 id. 102.)

Whether or not the fact, if it be a fact, that the evidence in the record does not "show any order on the Illinois Central Railroad Company for the delivery of goods involved, to the appellee, Kearns," is decisive of defendant in error's right to stop the goods *in transitu,* (which we do not decide,) the recital of facts does not show such finding. It only shows that the new evidence introduced on the second trial does not show such an order. True, it does say that the evidence does not change in any material sense the case as presented on the first hearing, but for this court to pass understandingly on such a recital of facts would require an examination of the evidence heard on the first trial, either as shown by the Appellate Court's opinion in 112 Ill. App. 269, or by the record in that case. This court has repeatedly held that it is indispensable that the recital of the facts upon which the judgment of the Appellate Court was entered should be incorporated in the final order of that court; that the opinion of that court cannot be resorted to to ascertain the facts upon which it based its conclusions; that this court must be governed by the recital of facts in the judgment itself. (*Martin* v. *Martin,* 202 Ill. 382, and cases cited.) Manifestly, the first paragraph of the finding above quoted does not comply with the provisions of section 120 of the Practice act as construed by this court.

The last paragraph of the finding of facts as quoted, to the effect that there was no evidence showing any infraction of the laws of Illinois concerning foreign corporations by defendant in error before the beginning of this suit, is not the finding of an ultimate fact but a conclusion of law.

The judgment of the Appellate Court is reversed and the cause remanded to that court, with directions to recite the facts in its final order upon which the judgment of reversal is predicated, and if it shall still be of the opinion that the final judgment should be entered in that court, to so enter it, or if said court reverses said judgment for er-

rors of law, to remand the case to the circuit court for another trial. Leave is granted to withdraw the record filed here, for the purpose of re-filing it in the Appellate Court.

*Reversed and remanded, with directions.*