E. T. SCOVILL *et al. v.* JAMES E. MILLER,

and

CHARLES S. MUSSON *v.* JAMES E. MILLER *et al.*

*Filed at Ottawa March 24, 1892.*

1.  PRACTICE IN APPELLATE COURT—*reciting facts in final judgment.* Where the judgment of the Appellate Court is a final determination, made as the result, wholly or in part, of the findings of the facts concerning the matters in controversy different from the findings of the trial court, it is the duty of the Appellate Court to recite in such final judgment the facts as found by it.

2.  SAME—*rendering final judgment for plaintiff on reversal.* The Appellate Court is not authorized to render final judgment for the plaintiff on a reversal, except when there is no evidence tending to support the issues for the defendant, and there is no substantial conflict in the testimony in regard to the issues, or where the evidence given at the trial, with all the inferences that can be justifiably drawn from it, is so insufficient to support the finding for the defendant that the trial court would have been warranted in finding for the plaintiff, but failed to do so.

3.  SAME—*remanding cause on reversal.* Where the Appellate Court reverses the judgment of the trial court for errors in its rulings of law, it should remand the cause for a new trial.

WRIT OF ERROR to the Appellate Court for the First District; —heard in that court on appeal from the Superior Court of Cook county; the Hon. EGBERT JAMIESON, Judge, presiding.

Messrs. MILLER, STARR & LEMAN, for the plaintiffs in error.

Mr. A. M. PENCE, for the defendants in error.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the Court:

There are two suits involved in this proceeding. Both are in assumpsit, and both were begun on December 31, 1888, in the Superior Court of Cook County, against James E. Miller, S. S. Loomis and John W. Gill, composing the firm of Miller, Loomis and Gill, one by E. T. Scovill, Myron Markley and

H. M. Melville, composing the firm of Scovill, Markley & Melville, and the other by Charles S. Musson.

The defendants in error, Miller, Loomis & Gill, were contractors with the Chicago, Santa Fe and California Railway Company for the construction of several divisions of its road. Scovill, Markley & Melville, and Musson, the plaintiffs in error, were sub-contractors under the defendants in error for the construction of portions or sections of said divisions. The suits were brought by the plaintiffs, as sub-contractors, against the defendants, as original contractors, to recover for the work and labor of grading and excavating sections of the road-bed of said company done under contracts between plaintiffs and defendants.

The cases were tried together in the court below as involving substantially the same issues and depending on the same evidence. A jury was waived by agreement, and the trial was had before the court without a jury. By stipulation, the same record, abstracts and briefs are to be used in both cases. In the suit of Scovill, Markley & Melville, the trial court found the issues for the defendants, and rendered judgment for costs against the plaintiffs. From this judgment Scovill, Markley & Melville took an appeal to the Appellate Court. In the suit of Musson, the trial court found the issues for the plaintiff, Musson, and rendered judgment in his favor against the defendants for $3468.87. From this judgment Musson appealed to the Appellate Court.

The causes were heard together in the Appellate Court on the same abstracts and briefs. On March 13, 1891, the Appellate Court reversed both judgments and remanded the causes to the Superior Court. Afterwards on July 1, 1891, the Appellate Court set aside the judgments of March 13, and reversed the judgments of the Superior Court without remanding the causes, and entered a judgment in favor of Scovill, Markley & Melville for $1428.60, and a judgment in favor of Musson for $4136.61. The cases are brought here by writ of

error for the purpose of reviewing this action of the Appellate Court. One of the assignments of error in the case of Scovill *et al.* is, that the judgment for the plaintiffs, instead of being $1428.60, should have been the amount of the *ad damnum* named in the declaration, towit: $75,000.00, and one of the assignments in the Musson case is, that the judgment, instead of being $4136.61, should have been the amount of the *ad damnum*, towit: $26,000.00.

The following is the judgment entered by the Appellate Court on July 1, 1891, in the case of Scovill *et al.*:

"On this day come the said parties, and the said parties, by their respective attorneys now here, agreeing with each other that the former judgment of this court in this case be vacated and set aside, and the court, having further examined the record, doth hereby order and adjudge that the order heretofore entered on the 13th day of March, 1891, be set aside, and the same is hereby vacated; and the court having diligently examined and inspected, as well the record and proceedings aforesaid as the matters and things therein assigned for error, and being now sufficiently advised of and concerning the premises, are of the opinion that in the record and proceedings aforesaid, and in the rendition of the judgment aforesaid, there is manifest error.

"Therefore, it is considered by the court, that for that error and others in the record and proceeding aforesaid, the *general finding* and the judgment of the Superior Court of Cook county in this behalf rendered be reversed, annulled, set aside and wholly for nothing esteemed. And this court now and here having further examined the record and proceedings aforesaid, doth now and here order and adjudge that the said appellants, E. T. Scovill, Myron Markley and H. M. Melville, do have and recover of and from the said appellees, the said James E. Miller, T. T. Loomis and John W. Gill, the sum of $1428.60, together with their costs and charges, and that the said appellants, E. T. Scovill, Myron Markley and H. M. Melville,

have execution therefor. To which judgment, and each and every part thereof, the appellants here and now except."

The judgment in the Musson case is the same as the foregoing judgment, except that in the paragraph, naming the amount and the parties, is the following: "And the court having examined and inspected the record and proceedings herein, and being now fully advised in the premises doth order and adjudge that the appellant herein, Charles S. Musson, do have and recover of and from the said appellees, James E. Miller, T. T. Loomis and John W. Gill the sum of $4136.61 together with their costs and charges herein, and that the said appellant have execution therefor, to which judgment and each and every part thereof·the appellant here and now excepts."

While it appears, that the original judgments of the Appellate Court reversing and remanding the causes were set aside by consent of the parties, yet it does not appear that the subsequent judgments entered by the court, and set forth as above, were embraced within the terms of the stipulation. On the contrary, such subsequent judgments were rendered by the court itself independently of any agreement between the parties, and were excepted to by the present plaintiffs in error.

If these judgments are final determinations made as the result, wholly or in part, of the findings of the facts concerning the matters in controversy different from the findings of the Superior Court, it was the duty of the Appellate Court to recite in such final judgments the facts as found. (Rev. Stat. chap. 110 on Practice, sec. 87). The facts as found must be recited in the judgment itself. (*Neer* v. *Ill. Cen. R. R. Co.* 138 Ill. 29; *Tibbals* v. *Libby,* 97 Ill. 552; *Tenney* v. *Foote,* 95 id. 99; *Fitzsimmons* v. *Cassell,* 98 id. 332). This has not been done in the cases before us.

The record recites, that the trial court, on motion of the plaintiffs below, held certain "propositions of law to apply to and govern the said causes and each of them;" and such propositions of law are then set forth in full.

If the Appellate Court reversed the judgment of the trial court for errors in its rulings of law, it should have remanded the cases for new trials, under the rules laid down in *Commercial Ins. Co. v. Scammon*, 123 Ill. 601; *Commercial Union Assurance Co. v. Scammon*, 126 id. 355; and *Jones v. Fortune*, 128 id. 518. In *Commercial Ins. Co. v. Scammon, supra,* the case was tried before the trial court by agreement without a jury, judgment rendered by the trial court for the defendant; and, upon appeal to the Appellate Court, the latter court reversed the judgment and rendered a judgment *de novo* for the plaintiff. Precisely the same state of facts exists here in regard to the case of Scovill *et al.* as above set forth. Such action of the Appellate Court can only be justified where there is no evidence tending to support the issues for the defendant, and no substantial conflict in the testimony in regard to the issues involved, and where the evidence given at the trial, with all the inferences that can be justifiably drawn from it, is so insufficient to support the finding for the defendant that the Court would have been warranted in finding for the plaintiff, but failed to do so.

We think that the Appellate Court should either have remanded the causes for a new trial, or should have recited the facts as found by it in its final judgments.

Accordingly, the judgments of the Appellate Court are reversed, and the causes are remanded to that Court, with directions to recite the facts as found in its judgments of reversal, or to reverse the judgments of the Superior Court and remand the causes to that Court, and leave is given to withdraw the record of the Superior Court filed in this court for the purpose of refiling it in the Appellate Court.

*Judgment reversed.*