JAMES PEASE, Sheriff, *et al.*

*v.*

JOSEPH B. DITTO.

*Opinion filed April 17, 1900.*

1. APPEALS AND ERRORS—*Appellate Court's recital should disclose facts upon which it acted.* Where the Appellate Court reverses without remanding, it is essential to the right of the defeated party that the recital in the Appellate Court's judgment disclose those facts upon which that court acted in applying the law and entering judgment against him.

2. SAME—*when Appellate·Court's recital states legal conclusions instead of facts.* A recital by the Appellate Court upon reversing a judgment for the defendant in replevin, which states that the plaintiff at the time the suit was begun, "was entitled to the possession of the property in question and had such an interest therein that he was entitled to maintain said suit," presents conclusions of law only, and is not such a sufficient "finding of facts" as is contemplated by the statute.

3. REPLEVIN—*what essential to plaintiff's right of recovery.* It is essential to the right of recovery in replevin that the plaintiff prove his general or special ownership of the property or his right to its possession, which questions can only be determined by the application of rules of law to the facts proven.

4. SAME—*who may maintain replevin against sheriff taking mortgaged property.* The right to bring replevin against a sheriff taking mortgaged property from one who had possession thereof for the purpose of bringing it to sale under the mortgage, is in the mortgagee, unless the person having possession for the purpose of sale has a general or special interest in the property other than that of a mere servant of the mortgagee.

*Ditto* v. *Pease,* 82 Ill. App. 192, reversed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

NEWMAN, NORTHRUP & LEVINSON, for appellants.

MOSES, ROSENTHAL & KENNEDY, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was replevin brought in the superior court of Cook county by the appellee, Ditto, against the appellant Pease, to recover possession of certain articles of ready-made clothing. The issues were submitted to the court for decision without the intervention of a jury. The only testimony produced was that in behalf of the plaintiff, Ditto. The court refused to hold the following proposition presented by the plaintiff as the law applicable to the facts of the case:

"The court is requested to hold, as a matter of law, that the issues joined herein are with the plaintiff, and that the right to the possession of the property taken under the writ of replevin in this case, at the time of the commencement of this suit, was in the plaintiff."

The finding and judgment of the superior court were adverse to the plaintiff, Ditto, and he appealed to the Appellate Court for the First District. The Appellate Court reversed the judgment of the superior court, refused to remand the case and entered judgment in replevin in that court in favor of the plaintiff, Ditto.

The Appellate Court incorporated in its judgment the following as its findings of facts in the case: "That appellant, at the time of the commencement of this suit in said superior court, was entitled to the possession of the property in question, and had such an interest therein that he was entitled to maintain said suit, and that the appellees were guilty of a wrongful taking and detention of said property."

When the Appellate Court reverses a judgment of the trial court for errors in its rulings of law the cause must be remanded by the Appellate Court for a new trial. (*Scovill* v. *Miller*, 140 Ill. 504.) The Appellate Court is, however, in actions of the character of that at bar, the final arbiter as to the facts in controversy, and if it finds the facts differently from the trial court, and reverses the judgment of the trial court for that reason, it need

not remand the cause but may enter final judgment in the Appellate Court, as was the course pursued in this instance. (*Commercial Ins. Co.* v. *Scammon*, 123 Ill. 601.) Section 88 of the Practice act makes it the duty of the Appellate Court, if it reverses a judgment of the trial court as the result of the finding of the facts different from that of the trial court and does not remand the cause, to recite in its final judgment the facts as found by the Appellate Court. In such cases the parties are concluded, as to all facts in controversy, by the facts as recited in the final judgment of the Appellate Court. But the decision of the Appellate Court as to the law arising out of the facts so recited in its judgment is not final. It may be reviewed in this court by appeal or on error. *Hawk* v. *Chicago, Burlington and Northern Railroad Co.* 138 Ill. 37.

By this appeal from the judgment of the Appellate Court entered in this cause, the appellant Pease is entitled to the judgment of this court as to the law applicable to the facts on which the Appellate Court acted in entering judgment against him. It is true, the only evidence produced on the hearing was that in behalf of the plaintiff. But it by no means follows there is no controversy as to the ultimate facts proven by such testimony. Different minds may draw different conclusions as to the facts established by the testimony, though it is all produced in behalf of but one of the litigants. This is demonstrated in this record, for the superior court and the Appellate Court, on consideration of the testimony produced solely on behalf of the plaintiff, arrived at different conclusions as to the ultimate facts established by such testimony. It is therefore essential to the rights of the appellant in this court, against whom final judgment was rendered in the Appellate Court, that the recital of the judgment of the Appellate Court shall disclose the facts upon which the Appellate Court applied the law and entered the judgment against him.

The action was replevin. The judgment of the Appellate Court is in favor of the plaintiff in the action. In order to entitle the plaintiff in replevin to recover, it is necessary it be proven the plaintiff is the general or special owner of the property replevined or is the person entitled to the possession thereof. (Rev. Stat. chap. 119, sec. 1.) In order to determine whether such plaintiff has a general or special property in the property replevined or whether he is entitled to the possession of such property, the facts relating to his claim of ownership or right of possession must be considered in the light of the rules of law applicable to those questions. The connection the plaintiff had with the property, or his relation to it, must be made to appear by the testimony. Whether the facts so disclosed by the evidence invested the plaintiff with a general or special property interest, or entitled him to the possession of the replevined goods, must be determined by the application of the rules of law to such facts. The trial court refused to hold that the state of facts disclosed by the proof entitled the plaintiff in the replevin suit, as a matter of law, to the possession of the property. The appellate Court differed with the trial court as to the state of facts disclosed by the evidence, reversed the judgment of the trial court and entered judgment for the plaintiff in the action. The correctness of this action of the Appellate Court depends upon the facts as that court found them to be from the evidence. We are to ascertain such facts from the judgment of the Appellate Court. But when we look into the judgment of that court we are unable to ascertain the facts to which the Appellate Court applied the law and rendered judgment adversely to the appellant. We find in that judgment the declaration that the plaintiff in the action was entitled to the possession of the property in question and had such an interest therein as he was entitled to maintain said suit. These declarations are not findings of fact, but are statements of legal rights which flow

from the existence of facts, or legal conclusions which arise out of certain facts. The Appellate Court should have stated the facts on which it based these conclusions of law, in order the parties might obtain the judgment of this court on the question whether the facts as found by the Appellate Court justified the legal conclusions reached by that court in entering its judgment. In this action chattel mortgages had been executed on the property in controversy, and such mortgages had been placed in the hands of the plaintiff by the mortgagees, for the purpose of bringing the property to sale under the terms and conditions of the mortgages. He took possession of the property, and the same was levied upon and taken out of his possession by the appellant Pease, as sheriff. If his control and possession of the property was merely that of a servant or employee of the mortgagees his possession of the property was that of those for whom he acted, and the right of action to recover that possession was in the mortgagees, unless he had a general or special interest in the property. That he was entitled to the possession of the property and had such interest therein that he was entitled to maintain replevin are legal conclusions to be arrived at upon consideration of the facts. The Appellate Court should, therefore, have incorporated in its judgment the ultimate facts upon which it based those conclusions. Had it done so, its judgment as to the law applicable to such ultimate facts could have been reviewed.

The judgment must, therefore, be reversed and the cause is remanded to the Appellate Court, with instructions to that court to recite in its judgment the ultimate facts upon which it bases the legal conclusion that the plaintiff was entitled to the possession of the goods, and had such property right and interest in said goods as entitled him to maintain the action of replevin.

*Remanded to Appellate Court, with directions.*