## THE W. H. PURCELL COMPANY
### *v.*
### DONALD A. SAGE *et al.*

*Opinion filed February 20, 1901.*

APPEALS AND ERRORS—*duty of Appellate Court to recite facts.* In case the Appellate Court reverses a judgment for the defendant in assumpsit and enters a judgment *de novo* for the full amount of the plaintiff's claim without remanding the cause, it is essential that the judgment of reversal recite the ultimate facts upon which it is based; nor is the performance of such duty excused because the parties have put the evidence in form of a stipulation of facts.

*Sage* v. *Purcell Co.* 90 Ill. App. 160, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

DUPEE, JUDAH, WILLARD & WOLF, for appellant.

P. H. BISHOP, (CHARLES C. BUELL, of counsel,) for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellees sued appellant in assumpsit in the circuit court of Cook county for certain anthracite coal sold and delivered. The declaration contained only the common counts, but the claim is under a written agreement dated July 20, 1895, and for coal delivered during the months of February and March, 1896. The pleas were non-assumpsit and set-off, the defendant claiming by the latter plea damages for the alleged failure of the plaintiff to deliver to it certain of the coal contracted for. To that plea a demurrer was sustained, and the defendant elected to abide by the plea. A jury was waived by agreement, and the cause tried before the court on an agreed statement of facts. The finding was for the defendant, and judgment was entered against the plaintiffs for costs. On their appeal the Appellate Court reversed

the judgment of the circuit court and entered a final judgment in favor of the plaintiffs for $560.03 and costs.

Defendant below contended in the Appellate Court, on assignment of cross-errors, that the trial court erred in disallowing its cross-claim for damages, amounting to $767, and on this appeal the judgment of the Appellate Court, both as to the finding in favor of the plaintiffs and in refusing to sustain the defendant's claim of set-off, is assigned as error.

The written stipulation of facts is in paragraphs, numbered from 1 to 16, inclusive. On the trial the plaintiffs introduced in evidence the first, second, third, fourth, sixth, seventh, eighth, tenth and sixteenth, and rested their case. The defendant then offered the remaining eight paragraphs of the stipulation, being the fifth, ninth, eleventh, twelfth, thirteenth, fourteenth, fifteenth and seventeenth, which, as stated in the bill of exceptions, was all the evidence offered by either party upon the trial of said cause. It was also agreed in open court that the defendant's amended plea of set-off should be considered as averring all the facts set forth in the stipulation filed in the case. The first paragraph states the business of the respective parties. The second sets out the agreement between them, as follows:

"CHICAGO, *July 20, 1895.*

"*The W. H. Purcell Co., No. 1107 Tacoma Building, City.*

"GENTLEMEN—We offer you fifteen hundred (1500) tons, more or less, of anthracite pea coal, (screened,) equal in quality to the pea coal recently tested by you at Kensington. This coal to be delivered when required, in car lots, between September 1, 1895, and September 1, 1896, on your malt house tracks at Kensington, Illinois. Price to be $2.75 delivered per net ton 2000 pounds. Payments to be made the 10th of the month following shipments. This proposition contingent upon strikes, accidents, delays of carriers, and other delays beyond our control. Railroad scales weights to govern settlements.

"Yours truly,          SAGE & Co.

Accepted. ................................
            For the W. H. Purcell Co."

The remaining paragraphs set out certain correspondence and dealings between the parties relating to the performance of the contract.

Propositions were submitted to the court by both parties to be held as law applicable to the case, some of which were held and others refused. From the propositions so submitted it appears that the plaintiffs' theory of the case on the trial was, that by reason of the defendant's neglect and refusal to pay for the coal delivered in February and March, 1896, they had the right to, and did, rescind the contract, refuse to make future deliveries, and sue for the contract price of the coal delivered in those months. On the contrary, the defendant's theory was, that plaintiffs had failed to comply with the terms of their agreement in the delivery of coal to it and wrongfully attempted to rescind the contract, thereby damaging the defendant, as claimed by its plea of set-off. The trial court, by its rulings upon the several propositions of law submitted, sustained defendant's theory to the extent of allowing it to recoup damages sustained to the whole amount of plaintiffs' claim, the result being a judgment in its favor for costs as above stated. The Appellate Court has not only reversed that judgment, but has entered a judgment *de novo* in favor of the plaintiffs for the full amount of their claim, and yet it has made no recital of facts in that final judgment. In this state of the record it cannot properly be reviewed in this court. By the terms of the statute, (chap. 110, sec. 87,) if the final determination of the cause was the result, wholly or in part, of the finding of the facts concerning the matter in controversy different from the finding of the circuit court, it was the duty of the Appellate Court to recite in its final judgment the facts as found by it, which finding would have been conclusive as to all matters of fact in this court, and we have often held that the finding of facts contemplated by the statute is the finding of the

189—6

ultimate fact or facts, upon the existence or non-exist-
ence of which, as set up in the pleadings of the cause,
the rights of the parties depend, and not merely of the
evidentiary facts.    In other words, this court is not au-
thorized to find the substantive facts from the evidence.
(Chap. 110, sec. 89.)  Hence, the agreement of the parties
as to what the proof upon the trial would be, did not in
any way relieve the Appellate Court of the duty of find-
ing and reciting the ultimate facts, if it found them differ-
ently from the trial court.    The stipulation in this case
is in no sense an agreement as to the substantive or ulti-
mate facts raised by the pleadings, but merely of certain
evidence of those facts.    The case is not different from
one in which the parties put witnesses on the stand to
testify to the facts.

The case being one in which it was incumbent upon
the Appellate Court to ascertain and recite the facts in
its final judgment if it found them differently from the
circuit court, and no such recital appearing in that final
judgment, we must presume that the final determination
of the cause was not the result, wholly or in part, of the
finding of the facts different from the finding of the
circuit court, and must conclude that the reversal was
because of errors committed by the trial court in its ap-
plication of the law to the evidence, and in that case it
should have remanded the cause for a new trial.    The
case of *Scovill* v. *Miller*, 140 Ill. 504, is in all its substan-
tial features similar to this, and announces the rules of
practice applicable here.

It cannot be said here that there was no evidence be-
fore the circuit court tending to support the defense in-
terposed.    The facts agreed upon do not necessarily and
inevitably support plaintiffs' theory of the case.    They
may be so construed, but that is a matter to be deter-
mined by the Appellate Court, and not this.    Clearly,
we could not decide that the circuit court erred in its rul-
ings upon the law of the case, without first determining

the ultimate facts, and, as we have seen, that we are not permitted to do.

The judgment of the Appellate Court will accordingly be reversed and the cause remanded there with directions to recite the facts as found in its judgment of reversal, or to reverse the judgment of the circuit court and remand the cause to it, and leave will be given to withdraw the record of the circuit court filed here, for the purpose of re-filing it in the Appellate Court.

*Judgment reversed.*