ALTA IRWIN *et al.*

*v.*

THE NORTHWESTERN NATIONAL LIFE INSURANCE. CO.

*Opinion filed February 17, 1904.*

1. APPEALS AND ERRORS—*effect where the Appellate Court recites the facts in its judgment.* Where the Appellate Court recites the ultimate facts in its judgment reversing a judgment in a suit at law without remanding the cause because it finds the facts different from those found by the trial court, the only question for the Supreme Court is whether the facts found by the Appellate Court will support its judgment.

2. SAME—*when appellant cannot complain of evidence.* Plaintiff in an insurance case cannot complain that the court considered a certain exhibit as a part of the insurance contract, where no exception was taken to the proposition of law holding it to be such.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Saline county; the Hon. A. K. VICKERS, Judge, presiding.

A. W. LEWIS, for appellants.

BROWN & KERN, and W. F. SCOTT, for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court reversing, without remanding, a judgment obtained in the circuit court of Saline county in favor of appellants and against appellee.

The action is assumpsit upon an insurance policy issued upon the life of the father of appellants. The trial was before the court without a jury and upon a stipulation of facts. The case was formerly before this court, and a judgment of the Appellate Court was reversed and the cause remanded to the Appellate Court that the Appellate Court might make a special finding of facts and

recite the same in its judgment, as it appeared that the Appellate Court had reversed the judgment of the lower court because it found the facts differently from what they were found by the lower court. (*Irwin* v. *Northwestern Nat. Life Ins. Co.* 200 Ill. 577.) It is not necessary that we re-state the case here, as a complete statement is found in the report of the case when formerly before this court.

In the opinion remanding the case to the Appellate Court (p. 581) we said: "There were presented to the court for determination two questions of fact, or mixed questions of law and fact: First, was Irwin engaged in the occupation of a coal miner at the time he lost his life; second, did the appellee tender appellants the amount due upon the policy prior to the day the suit was commenced." Upon receiving the remanding order from this court the Appellate Court further considered said cause and adhered to its former opinion and judgment reversing the judgment of the circuit court without remanding the cause, and recited in its judgment the following ultimate facts: "We find as facts of this case, to be incorporated in the judgment, that J. A. Irwin, the assured, was engaged in the occupation of a coal miner at the time he lost his life, and that the appellant did tender to the appellees the amount due upon the policy sued on prior to the day suit was commenced, and that the appellees accepted the full amount due them prior to the coming on of this case for trial in the circuit court." Under the facts so found, the only question for the determination of this court is whether such facts are sufficient to support the judgment of the Appellate Court. (*Purcell Co.* v. *Sage*, 189 Ill. 79; *National Linseed Oil Co.* v. *Heath & Milligan Co.* 191 id. 75.) Under this finding no other judgment than the judgment entered by the Appellate Court would have been proper.

It is now urged by the appellants that both the trial and Appellate Courts, in determining the character of the contract between the assured and appellee, improp-

erly took into consideration a certain exhibit, designated "Exhibit B," in the stipulation of facts, by which it was agreed that if the assured should be injured or killed while in the occupation of mining coal but one-half the amount provided by the policy should be paid. The facts were before the court by stipulation and without objection or exception, and appellants offered no propositions of law to be held by the court with reference to the effect of the evidence or as to which of the exhibits should be taken into consideration by the court in determining the effect of the contract. Appellee, however, did offer six propositions of law to be held or refused by the court, the first and second of which were held and the others refused. The second proposition, as held by the court, was to the effect that the three papers, being the application, the stipulation contained in "Exhibit B" and the policy mentioned in the agreed statement of facts, all combined to constitute the contract of insurance sued on, and that one of the provisions of such contract is, that if the assured should come to his death by reason of the hazards of the occupation of coal mining, then the defendant should only be liable for one-half the amount named in the policy. Appellants did not except to this holding, and cannot now urge that the trial and Appellate Courts improperly considered the evidence mentioned in the holding.

Other questions are urged, but in view of the remanding order and the finding of the Appellate Court we deem it unnecessary to further consider or discuss them.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*