## THE HARTFORD FIRE INSURANCE COMPANY

*v.*

## ANDREW PETERSON.

*Opinion filed April 20, 1904.*

1. PARTIES—*mortgagor is proper party to sue on fire insurance policy.* The mortgagor to whom a fire policy is issued and who paid the premium is the proper party to sue on the policy for the use of the mortgagee, where the policy provides that in case of loss the insurance shall be paid for the account of the mortgagor to the mortgagee. (*Queen Ins. Co. v. Dearborn Savings, Loan and Building Ass.* 175 Ill. 115, distinguished.)

2. INSURANCE—*when company is only liable for portion of loss.* Under a clause in a fire policy restricting liability of the company to the proportion of the loss which the amount of the policy bears to the whole insurance, the company is liable only for its portion of the loss, where the insured, after learning that another company had

issued a policy on his property, makes proof of loss to such company also, and institutes suit against it.

3. APPEALS AND ERRORS—*when finding of Appellate Court is conclusive.* A finding by the Appellate Court, in its judgment reversing a judgment in favor of an insurance company on a fire policy, that the insured did not waive his policy, is binding upon the Supreme Court as a mixed question of law and fact, although the case was tried on a stipulation of evidentiary facts.

4. SAME—*when a question may be first raised in the Supreme Court.* Whether the appellant insurance company shall be held liable for only a proportionate share of the loss may be raised in Supreme Court although not raised in the Appellate Court, where the company was the appellee in the Appellate Court, seeking to sustain a judgment of the trial court denying any liability, and where the provision of the policy relied upon appeared upon the face of the record in the Appellate Court.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

This was an action of assumpsit, commenced in the circuit court of Cook county by Andrew Peterson, for the use of the Masonic Building, Loan and Savings Association, against the Hartford Fire Insurance Company, to recover the amount of a policy for the sum of $1700 issued by said insurance company to Peterson on March 24, 1893, upon a dwelling house belonging to Peterson, located upon premises situated in Hegewisch, Cook county, Illinois, which was destroyed by fire on October 5, 1893, and upon which property said Masonic Building, Loan and Savings Association held a mortgage to secure the payment of Peterson's bond for the sum of $2200, and which insurance, in case of loss, the policy provided should be payable for Peterson's account to the Masonic Building, Loan and Savings Association. The insurance was taken out by Peterson through William M. Martin, the agent of the appellant at Hegewisch, for which Peterson paid to Martin the premium thereon, which amounted to $18,

209—8

and the policy was delivered by Martin, at the request of Peterson, to the building association. Martin failed to remit the premium to the insurance company, and on August 26, 1893, the insurance company instructed Martin to cancel the policy. He went to the office of the building association and informed its secretary, Colven B. Burt, that the insurance company had directed him to cancel the policy. Burt thereupon gave the policy to Martin, who returned it to the insurance company, and it was endorsed, "Canceled and charged back, August 26, 1893." Martin thereupon delivered to Burt the policy of the Firemen's Insurance Company of Chicago, of which he was also agent, for the sum of $1700 upon said dwelling house, which was accepted by Burt in lieu of the policy of the Hartford Fire Insurance Company which he had surrendered to Martin. No premium other than the $18 which had been paid before that time by Peterson to Martin was ever paid upon either of said policies.

The policy of the Hartford Fire Insurance Company contained the following provision: "This policy shall be canceled at any time at the request of the insured, or by the company, by giving five days' notice of such cancellation. If this policy shall be canceled as hereinbefore provided, or become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal, this company retaining the customary short rates, except that when this policy is conceled by this company by giving notice it shall retain only the *pro rata* premium."

Peterson had no notice that the policy of the Hartford Fire Insurance Company had been surrendered and canceled, or a new policy in the Firemen's Insurance Company issued in lieu thereof, until after the dwelling house had been destroyed by fire, and no part of the premium paid by Peterson to Martin was ever returned to him. On October 17, 1893, Peterson served upon W. H. Taylor, who was the manager of the loss department in Chicago

of the Hartford Fire Insurance Company, the following notice:

"Please take notice that the dwelling situated on lot 68, block 22, of Calumet and Chicago Canal and Dock Company's addition to Hegewisch, was totally destroyed by fire October 5, 1893, at 11 P. M. Insured in your company as policy 958, issued by your agent, W. M. Martin, March 24, 1893. My notice would have been given you earlier, but that your agent, W. M. Martin, was notified and was present at the fire.

ANDREW PETERSON."

At the time of the service of said notice Taylor denied the Hartford company was liable upon said policy, and after some discussion with Peterson with reference to the matter, Taylor wrote the following statement upon the back of said notice, which was signed by Peterson:

"CHICAGO, *October 17, 1893.*

"Now comes Andrew Peterson and states that the within and foregoing statement is not correct, and was signed by him not knowing that he claimed insurance in the Hartford Insurance Company on his dwelling, and further states that he did not have any insurance on his dwelling in the Hartford but did have a policy on said dwelling in the Firemen's Insurance Company of Chicago.

ANDREW PETERSON.

"Subscribed and sworn to before me this 17th day of October, A. D. 1893.

[Seal.] W. H. TAYLOR, *N. P.*"

Afterwards Peterson made proof of loss to the Firemen's Insurance Company, and subsequently instituted this suit against the Hartford Fire Insurance Company, and also upon the same day brought suit against the Firemen's Insurance Company upon the policy issued by that company and delivered to the building association, which suit is still pending. The case against the Hartford Fire Insurance Company was tried before the court without a jury, upon a written stipulation of facts, and judgment was rendered in favor of the insurance company. Peterson prosecuted an appeal to the Appellate Court for the First District, where the judgment of the circuit court was reversed and the cause was remanded

to the circuit court, with directions to render a judgment in favor of Peterson against the Hartford Fire Insurance Company for the sum of $1700, with interest at five per cent per annum from December 5, 1893. (87 Ill. App. 567.) The case was brought to this court upon appeal by the insurance company, and the judgment of the Appellate Court, in so far as it directed the circuit court to enter a judgment against the insurance company for damages and interest, was reversed. (187 Ill. 395.) The case was re-docketed in the circuit court, where, upon a re-trial before the court without a jury, upon a stipulation in writing as to the facts, judgment was again rendered in favor of the insurance company, and Peterson prosecuted an appeal to the Appellate Court for the First District, where the judgment of the circuit court was reversed, and the Appellate Court rendered judgment in favor of Peterson and against the insurance company for $1700, with interest thereon at the rate of five per cent per annum from December 17, 1893, and an appeal has been prosecuted to this court by the insurance company.

The Appellate Court, when the case was there the last time, made the following finding of facts: "The court finds that the policy sued upon was a valid and binding contract at the time the loss by fire occurred upon the premises in said policy described, and that appellant has not released, surrendered or canceled said policy, and did not authorize or ratify its surrender or cancellation."

BATES & HARDING, for appellant.

DANIEL F. FLANNERY, for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

It is first contended that the Masonic Building, Loan and Savings Association is the real party in interest herein, and that the suit should have been brought in its name, and not in the name of Peterson, for its use. The

policy was issued to Peterson, who was the owner of the property insured and paid the premium. The policy provided in case of loss the insurance should be payable for his account, and he was interested in the collection of the policy to the end that the amount thereof might be applied in satisfaction of his mortgage indebtedness to the building association, and we are of the opinion the suit was properly brought in his name for the use of the association. *Illinois Fire Ins. Co.* v. *Stanton*, 57 Ill. 354; *St. Paul Fire and Marine Ins. Co.* v. *Johnson*, 77 id. 598; *Westchester Fire Ins. Co.* v. *Foster*, 90 id. 121.

In the case of *Queen Ins. Co.* v. *Dearborn Savings, Loan and Building Ass.* 175 Ill. 115, relied upon by appellant, the right of the mortgagee to bring the suit in its name does not appear to have been challenged, and that case is therefore not an authority against the position that the suit was properly brought in the name of the insured for the benefit of the mortgagee. In *Illinois Fire Ins. Co.* v. *Stanton, supra*, it was said (p. 356): "The interest only of the mortgagor was insured, but the policy contained a clause that in case of loss the money should be paid to McClellan, the mortgagee. The contract being with the mortgagor, the legal title vested in him, but it was for the benefit of the mortgagee. Hence the suit was properly brought in the name of Matthew Stanton, the assured, for the use of the beneficiary."

It is next contended that Peterson ratified the action of Burt in surrendering the policy of the Hartford company for cancellation and in accepting the policy of the Firemen's company in lieu thereof, and that by reason of that fact no recovery can be had against the Hartford upon its policy. The case was tried upon a written stipulation as to the facts. The stipulation contained only the evidentiary facts, and the Appellate Court having found the facts different from the circuit court, it was its duty to find and incorporate into its judgment the ultimate facts upon which it based its judgment, (*Purcell*

*Co.* v. *Sage,* 189 Ill. 79; *National Linseed Oil Co.* v. *Heath & Milligan Co.* 191 id. 75; *Irwin* v. *Northwestern Life Ins. Co.* 200 id. 577;) and that court having found that Peterson had not ratified the action of Burt in surrendering the Hartford policy for cancellation and in accepting the Firemen's policy in lieu thereof, which finding, like that of waiver and other kindred questions, is a question of mixed law and fact, this court is bound by such finding. It is therefore conclusively established upon this record that Peterson did not ratify the action of Burt in surrendering the Hartford policy and in accepting the Firemen's policy in lieu of that policy.

The policy of the Hartford Fire Insurance Company contained the following provision: "This company shall not be liable under this policy for a greater proportion of any loss on the described property * * * than the amount hereby insured shall bear to the whole insurance, whether valid or not, or by solvent or insolvent insurers, covering such property;" and it is contended that the Appellate Court erred in rendering judgment for the full amount of the policy issued by the Hartford company against that company, and it is insisted that in no event should a judgment be rendered against said company for a greater sum than one-half the amount of the loss sustained by Peterson by reason of the destruction of said property by fire. We are of the opinion the contention is correct. At the time the property was destroyed there were two policies of insurance thereon,—one issued by the Hartford company for $1700 and one by the Firemen's company for $1700,—and the policy upon which this suit is brought provides in express terms that the Hartford company shall not be liable for a greater proportion of any loss than the amount which its policy shall bear to the whole insurance on said property, whether valid or not or by solvent or insolvent insurers. It appears that after the fire Peterson was notified of the issuance of the Firemen's policy, whereupon he made proof to that

company of loss and instituted a suit upon the policy. We think that within the meaning of the clause in the Hartford policy providing for an apportionment of the loss in case of other insurance upon the property, the policy issued by the Firemen's company should be treated as insurance upon the property, and that the loss should be apportioned in accordance with the terms of the Hartford policy.

It is, however, said by appellee that the question of the apportionment of the loss between the Hartford and Firemen's companies was not raised in the Appellate Court, and that that question cannot be raised here for the first time. It is true, as a general proposition, that questions not raised in the Appellate Court will not be considered in this court, and it is conceded that question was not raised in that court. In the Appellate Court, however, the Hartford company was appellee and was attempting to sustain the judgment of the circuit court, which was in its favor, while in this court it is appellant and is attacking the judgment of the Appellate Court, which was against it, and we are of the opinion, as the provision in the Hartford policy now relied upon to show that the insurance should be apportioned appeared upon the face of the record in that court and should have been considered by that court in determining the amount of its judgment, the question may be raised in this court by appellant although it is raised here for the first time.

The judgment of the Appellate Court will therefore be reversed and the cause remanded to that court, with directions to find the amount of the loss occasioned by the destruction by fire of the property insured, and to render a judgment against the Hartford Fire Insurance Company for an amount equal to one-half of said loss, with interest at five per cent from the 17th day of December, 1893, but in no event should the said judgment exceed the sum of $1700 and interest.

*Reversed and remanded, with directions.*