PATRICIA ANN GEYER, Plaintiff-Appellee, *v.* JAMES D. HEMPHILL, d/b/a C. A. Hemphill and Associates, *et al.*, Defendant-Appellant.

First District (2nd Division)   No. 63157

Opinion filed June 7, 1977.

Vincent P. Reilly and Robert C. Smith, Jr., both of Chicago (Russell, Bridewell & Lapperre, of counsel), for appellant Mary Walsh.

Xinos & Xinos, Ltd., of Chicago (Kenneth A. Green and Constantine P. Xinos, of counsel), for appellee.

Mr. JUSTICE PERLIN delivered the opinion of the court:

This matter involves a dispute between two condominium owners over the right to use a particular garage space. Patricia Geyer and Mary Walsh each entered into a purchase agreement with the same developer for individual units in the same condominium complex. The developer in its sale contract dated March 16, 1973, granted to Mrs. Walsh garage space 147. Several months later Mrs. Geyer was by admitted error of the developer given a written assignment of the same garage space by the title holder of the condominium properties. Control of space 147 changed hands several times until Mrs. Walsh secured possession by having her agent remove Mrs. Geyer's automobile. Geyer then brought suit in ejectment, and the trial court, after hearing the action on the pleadings with a stipulation as to the facts and exhibits, ordered that possession of the garage space be returned to her. Walsh appeals from this order, contending (1) that the trial court erred in holding that Mrs. Geyer's

written assignment of garage space 147 was first in time; and (2) that the Geyer assignment is invalid on its face.

Both Mrs. Geyer and Mrs. Walsh signed form condominium sales agreements provided by the developer and seller, C. A. Hemphill and Associates. The terms of these agreements were explicitly made subject to a "Declaration of Condominium Ownership." Section 4.05 of this declaration provided that each initial unit owner was entitled to the use of at least one garage space. However, the title holder of the condominium properties reserved the right to determine the particular space assigned to each unit owner. The title holder of C. A. Hemphill's condominium properties was the Amalgamated Trust and Savings Bank, acting as trustee under trust No. 2185.

Geyer signed her purchase agreement with the Hemphill developer on February 23, 1973. This contract made no mention of a specific garage space.

On March 16, 1973, Mary Walsh and her late husband, William, entered into their condominium purchase agreement. Walsh alleges that because her husband was a paraplegic and because parking space number 147 was located closest to the Walsh apartment entrance, they negotiated for this particular parking space in the contract of purchase. The agreement provided:

> "Included in the purchase hereof and as a part of the total purchase price Seller hereby grants to Purchasers the exclusive right to use enclosed parking stall or garage Bldg. 2 Space 1."[1]

James D. Hemphill signed this purchase contract on behalf of C. A. Hemphill and Associates, the seller.

On August 15, 1973, Geyer received a written assignment of garage space No. 147. Purportedly, this assignment was also signed by James Hemphill, who was identified on the document as the agent of the title holder.

By the latter part of August both Geyer and Walsh had received the deeds to their respective condominium units. Mrs. Geyer's deed was dated August 1, 1973, and was recorded on the 28th day of that month. The Walsh deed was dated July 28, 1973, and was recorded on August 30, 1973.

Geyer and the Walshes moved into their units prior to the completion of the garage spaces which served Hemphill's development. These spaces were not part of the condominium property itself but were situated on adjacent or contiguous real estate. Spaces 146 and 147 formed the only two-car garage on the site, and this garage was located at the edge of the complex's entrance. The remaining garage spaces were individual stalls

---

[1] It was stipulated that Bldg. 2 Space 1 was the same garage space as space No. 147.

that comprised a long garage which bordered the boundaries of the development.

In October 1973 Mrs. Geyer began parking her car in the recently completed garage space 147. However, this action was objected to by Mrs. Walsh. On November 5, 1973, an employee of C. A. Hemphill notified both individuals in writing that the Walshes had been assigned garage space 147 and Mrs. Geyer number 145. On December 17, 1973, Hemphill's attorney advised Mrs. Geyer by letter that garage space number 147 had been "inadvertently and mistakenly assigned to you." He further stated that space had been "previously promised to Mr. and Mrs. Walsh * * *." With apologies the attorney advised Mrs. Geyer that her assignment to garage space 147 is "cancelled and revoked" and that she is reassigned to garage space number 145. On January 1, 1974, Geyer voluntarily relinquished possession of the garage space to the Walshes, but she retook possession on January 27. On February 1, 1974, Vincent P. Reilly, acting under the direction of Mary Walsh, removed the Geyer vehicle from garage space 147.

Mrs. Walsh argues that the condominium sales contract of March 16, 1973, constituted an assignment of the interest in garage space 147 to her. In support of this she points out that she specifically bargained for this particular space in her contract negotiations. Walsh argues that the trustee's subsequent assignment to Geyer cannot deprive her of this garage space because her March 16 assignment was first in time.

Mrs. Geyer contends that only she received a valid assignment of the garage space, and she bases this argument on the following stipulated facts and assertions: (1) according to Section 4.05 of the Declaration of Condominium Ownership, only the title holder of Hemphill's properties had the authority to assign garage spaces, and these spaces could be assigned only to unit owners; (2) she received a written assignment of garage space 147 from the title holding trustee, and this assignment was made after she assumed ownership of her condominium unit; and (3) the Walshes received their grant of space 147 from the developer who made no promises or agreements in the name of the title holder.

After carefully examining the records, we have been unable to ascertain whether James D. Hemphill was authorized to sell condominium units for C. A. Hemphill and Associates or to assign garage spaces for the title holding trustee, Amalgamated Trust and Savings Bank. Nor does the record establish whether such actions undertaken by James D. Hemphill were subsequently ratified by the appropriate authority. Without such information, we are unable to determine who is legally entitled to possession of garage space number 147. It should also be noted that neither Amalgamated Trust and Savings Bank nor C. A. Hemphill and Associates are before the court.

For these reasons the judgment of the circuit court of Cook County giving possession of garage space 147 to Patricia Ann Geyer is vacated, and the cause is remanded (Ill. Rev. Stat. 1975, ch. 110A, par. 366(a)(5)) to the circuit court with directions that it conduct a hearing to receive evidence with respect to the points noted in this opinion, and then based upon such evidence, determine the issues involved in this proceeding.

Judgment vacated and cause remanded to the circuit court with directions.

DOWNING, P. J., and STAMOS, J., concur.