THE VILLAGE OF ARLINGTON HEIGHTS, Petitioner-Appellant, *v.* THE NATIONAL BANK OF AUSTIN, Trustee, *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 76-762

Opinion filed July 19, 1977.—Modified on denial of rehearing November 22, 1977.

Jack M. Siegel, of Chicago, for appellant.

Righeimer, Righeimer & Martin, of Chicago (Frank S. Righeimer, Jr., and Leo N. Cinquino, of counsel), for appellees.

Mr. JUSTICE PERLIN delivered the opinion of the court:

This is an appeal by the petitioner, the Village of Arlington Heights (hereinafter Arlington Heights), from an order of the circuit court dismissing its petition to condemn a certain 10-acre tract of land for the purposes of water retention and flood control.

The real estate in question is located contiguous to but outside of the corporate limits of the Village of Arlington Heights. Its legal and equitable owner is the National Bank of Austin (hereinafter National Bank), acting as trustee of Trust No. 4077 (Ill. Rev. Stat. 1975, ch. 29, par. 8.31), and the beneficiary of this land trust is James V. Insolia.

On December 27, 1974, the village manager of Arlington Heights sent a letter to Insolia in which he stated that Arlington Heights was interested in purchasing the 10 acres and would be willing to pay $46,000 for this property. After receiving no response to this offer, the village manager sent a second letter to Insolia on January 23, 1975. In this communication he stated that Arlington Heights was interested in procuring the property "as part of the extensive flood control program which the village is embarking upon," and he reiterated the offer of $46,000. In the second letter the manager also stated that he would recommend to the Arlington Heights' board of trustees that condemnation proceedings be instituted if he did not receive Insolia's reply to the proposal prior to February 3, 1975.

On February 3 petitioner's board of trustees adopted an ordinance which provided for the acquisition of fee simple title to the 10 acres and which declared that this real estate was to be used as a water detention facility. The ordinance also authorized the village manager and village attorney to submit an offer of $46,000 to the owner and stated that in the event this offer was not accepted within 10 days of the date of the ordinance, Arlington Heights would file an eminent domain suit to acquire title to this property. Allegedly, no offers were communicated to either the National Bank or Insolia subsequent to the enactment of this ordinance.

On February 28, 1975, Arlington Heights filed a petition to condemn the 10 acres, naming the National Bank and Insolia as defendants. This petition alleged that it was desirable to procure this tract for a water detention facility which was necessary for the implementation of the village's flood control program; that it had been determined by village ordinance that it was necessary to acquire fee simple title to this property in order to accomplish the aforementioned purpose; and that eminent domain proceedings should be instituted if petitioner failed to agree with the party in interest as to compensation. The petition further alleged that Arlington Heights had been unable to come to terms with the National Bank or with Insolia as to the price to be paid for the 10-acre tract.

In response, defendants filed a traverse and motion to dismiss. This pleading denied the allegations of the petition to condemn and asserted that the petition should be dismissed for the following reasons: (1) Arlington Heights was without legislative authority to acquire the 10-acre tract for the purposes set forth in the petition; (2) the taking was not for a public purpose; (3) the taking was not authorized by a valid ordinance; (4) the 10-acre tract was not necessary for the purposes for which it was sought; (5) the taking was excessive; and (6) no bona fide attempt to agree with defendants on the question of compensation was ever made by Arlington Heights.

Subsequent to the filing of this motion, defendants propounded certain

interrogatories to the petitioner. In one of its answers Arlington Heights admitted that it had directed an appraiser to make an appraisal of a 20-acre tract which included the 10 acres involved in this matter. This appraisal was dated November 30, 1974, was in petitioner's possession prior to the time the village manager made his first offer of $46,000 to Insolia and indicated that each acre had a value of $6,100. However, the appraiser indicated that his valuation of the property was based on his examination of the 20 acres as a whole and that any attempt to use certain portions of his appraisal, without reference to the entire tract, would result in the appraisal being invalidated.

Petitioner stated in response to another interrogatory that it believed that approximately four of the 10 acres in question were in a flood plain.

After considering the arguments of counsel and the legal memoranda filed by both sides, the trial court issued the following order:

> "It is hereby ordered that this matter be dismissed, the court having found [sic] the petitioner had not made a good faith offer to purchase prior to filing this eminent domain proceeding in that the offer made was less than the appraised value set by the petitioner's appraiser."

Petitioner initially contends that this court in its review of the propriety of the trial court's dismissal order is limited to an examination of the trial court's determination that Arlington Heights' offer of $46,000 was not made in good faith. Defendants respond that the scope of our review should not be so restricted. They contend that in addition to petitioner's failure to make a bona fide attempt to compensate the parties in interest, the court's dismissal order can be sustained on the following grounds: (1) the proposed taking is excessive; (2) there is no legislative authority for Arlington Heights' procurement of private property outside its corporate limits for a water retention pond; (3) the village manager was not authorized to make the two offers of $46,000 because at the time he sent the written offers to Insolia, Arlington Heights had not yet passed a condemnation ordinance granting such authorization; (4) no offer was ever made to the legal title holder of the property; and (5) petitioner failed to establish jurisdictional facts by competent evidence.

In reply, Arlington Heights argues that defendants' first contention is waived because the record does not reflect whether the trial court based its dismissal order on this ground; that the second assertion is not properly before this court because defendants failed to make a cross-appeal after the trial court decided this issue in petitioner's favor; and that defendants have waived the third, fourth and fifth contentions because they failed to raise them in the trial court.

■■ An appellant who fails to raise a certain defense at trial may not raise that defense for the first time on review. However, appellee is not

subject to such a requirement. He is entitled to sustain the decree of the trial court by any argument and upon any basis appearing in the record which shows that the decree is proper, even if he had not previously advanced such argument. (*Becker v. Billings* (1922), 304 Ill. 190, 205, 136 N.E. 581, 587. See *Hartford Fire Insurance Co. v. Peterson* (1904), 209 Ill. 112, 119, 70 N.E. 757, 760.) But where a general verdict for the appellee contains a specific finding not in his favor and appellee fails to file a cross-appeal, the adverse finding is not properly before the reviewing court. *City of Wilmington v. Industrial Com.* (1972), 52 Ill. 2d 587, 591, 289 N.E.2d 418, 421; *Street v. Thompson* (1907), 229 Ill. 613, 620-21, 82 N.E. 367, 370.

Defendants' first and second contentions, along with their argument that petitioner's offer was not bona fide, were specifically raised in the traverse and motion to dismiss. Furthermore, defendants' allegation that the village manager was without authority to make the offers to Insolia was raised in the legal memorandum filed in support of the motion to dismiss the condemnation petition.

Since the defendants are the appellees in this matter, they normally would be entitled to sustain the trial court's dismissal order upon any basis appearing in the record which shows that the order is proper. However, after careful examination of the record, we are unable to determine whether the trial court received any evidence concerning the defendants' contentions during the hearing. Without such information we are unable properly to consider the propriety of the trial court's dismissal order.

■■ For the above stated reasons the order of the circuit court of Cook County dismissing Arlington Heights' petition to condemn the 10-acre tract is vacated and the cause is remanded (Ill. Rev. Stat. 1975, ch. 110A, par. 366(a)(5)) to the circuit court with directions that it conduct a hearing to receive evidence with respect to the contentions raised in defendants' traverse and motion to dismiss and in the legal memorandum in support of such motion. Based upon such evidence, the trial court should determine the issues involved in this proceeding. *Geyer v. Hemphill* (1977), 49 Ill. App. 3d 536, 364 N.E.2d 562.

Judgment vacated and remanded with directions.

DOWNING, P. J., and STAMOS, J., concur.